REBISSO, INC., APPELLANT, *v.* FRICK, APPELLEE.

(No. 7546—Decided March 17, 1952.)

*Mr. Walter K. Sibbald,* for appellant.
*Mr. Leonard H. Freiberg,* for appellee.

HILDEBRANT, P. J. This appeal on questions of law and fact is from an order of the Court of Common Pleas dismissing plaintiff's petition to foreclose a mechanic's lien.

Defendant employed a general contractor to build a house on a cost-plus basis. The general contractor made a contract with plaintiff to install the plumbing and sewage disposal facilities at a specified contract price, upon which one-half was paid according to contract. Thereafter, the general contractor abandoned

the job and defendant refused to permit plaintiff to complete the plumbing work.

Plaintiff filed a mechanic's lien, and, in this action to foreclose, the defense claims the lien invalid because the affidavit lists one Adams as a materialman who should have been listed as a subcontractor, requiring his affidavit under the law. A second defense is that if entitled to recover the measure of recovery is confined to the reasonable value of the materials and labor furnished.

Plaintiff, over the telephone, ordered from Adams a 700-gallon septic tank to be delivered on the job. The record shows it is customary for the plumber to prepare the site for such a tank by making a proper excavation at a place selected by him, and that, on delivery, the tank is not merely unloaded on the premises but is set in position in the prepared excavation. In the event of any change necessary in the excavation to meet required drainage conditions as to levels for proper connection later with the residence and the outlet to the leaching bed, it is the responsibility of the plumbing contractor to make the necessary changes, and the man furnishing the tank makes a charge to said plumber for extra work in raising and relowering the tank in position.

Adams testified that for his own convenience, due to the weight of the tank, it was fabricated in his shop in three sections, plus a top, then trucked to the site, the sections lowered by chain hoist into the excavation and cemented together by his men, using their own materials for the job, until a completed watertight tank was in position.

It was this method of delivery in sections, accompanied by the necessary labor at the site to complete the watertight tank, upon which defendant bases the contention that Adams was a subcontractor and not a materialman.

It is conceded that if such is the case the lien is not properly perfected and, hence, invalid and not susceptible of foreclosure.

The distinction between a materialman and a subcontractor is set forth in *Matzinger* v. *Harvard Lumber Co.,* 115 Ohio St., 555, 155 N. E., 131, the second paragraph of the syllabus of which provides:

"Whether materials furnished by a dealer to a contractor to be used in the process of the erection of a building were selected from the stock of the dealer or made by him in his own establishment or procured from another for the particular purpose, such dealer, having nothing to do relative to the installation of said materials or the fabrication thereof into the structure, is a materialman and not a subcontractor."

We note here that the septic tank requires connection by drain to the house for inlet and to the leaching bed at the outlet to become a useful unit, which was a part of the duty of the plumbing contractor.

This court takes the view that the labor expended by Adams in assembling the sections of the tank on delivery to the site into the completed unit, verbally ordered from him, being his voluntary method of delivery for his own convenience, and upon completion unavailable for use until appropriately fabricated into the structure by the plumbing contractor, places him in the category of a materialman rather than a subcontractor.

Consistent with that view, we hold the mechanic's lien to have been properly perfected and susceptible to foreclosure.

Under the facts of this case, the recovery and the amount thereof would be controlled by the principles expounded in *Allen, Heaton & McDonald, Inc.,* v. *Castle Farm Amusement Co.,* 151 Ohio St., 522, 86 N. E. (2d), 782, wherein it is stated in the third paragraph of the syllabus:

"In such a case, plaintiff has the burden of alleging and proving not only (a) what he would have received under the contract from the performance so prevented, but also (b) what such performance would have cost him (or the value to him of relief therefrom). Unless he proves both of those facts, he cannot recover as damages the profits he would have earned from full performance of the contract."

A decree in accordance with this opinion may be presented.

*Decree accordingly.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur.