150 So.2d 727 (1963)
Michael ZENCHAK, Appellant,
v.
RYDER TRUCK RENTALS, INC., a Florida corporation, Appellee.
No. 62-436.
District Court of Appeal of Florida. Third District.
March 12, 1963.
Rehearing Denied March 27, 1963.
Green & Hastings and Samuel Z. Goldman, Miami, for appellant.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
The plaintiff in a negligence action against the defendant, Ryder Truck Rentals, Inc., appeals a summary final judgment. There is no dispute as to the material facts, and the trial court found the defendant immune from suit by reason of § 440.10(1), Fla. Stat., F.S.A., which is a part of the Workmen's Compensation Law.[1]
The plaintiff was injured while supervising a job for his employer, the Mackle Company, which was constructing a bridge on its own property. As a necessary part of the job, plaintiff and those working with him were required to unload some heavy steel beams from a flatbed truck. The method used was to attach a cable to the beams and pull them off of the flatbed truck by use of power supplied by a second truck. The second truck was leased by the Mackle Company *728 from the defendant, Ryder Truck Rentals, Inc.
In the process of unloading, the rented truck was being driven by another Mackle employee. This employee negligently allowed the truck to lurch forward so that plaintiff was injured. Plaintiff received Workmen's Compensation from his employer.
The trial judge held as a matter of law as follows:
"Stripped of excess verbiage the pivotal question here is whether or not the defendant Ryder is a third party against whom an independent action can be maintained under the Workmen's Compensation Act, Chapter 440, Florida Statutes.
"In the court's judgment this question must be resolved in the negative. The case of Smith v. Poston Equipment Rentals, Inc., Fla.App. (1958), 105 So.2d 578, expressly controls * *.
* * * * * *
"Actually, the case at bar would seem to be even stronger than the Smith case, supra. This is so because in the Smith case, the operator of the leased vehicle was an employee of the defendant-lessor, which is not true here. In addition in the Smith case, the court was required to develop a theory by which the injured party and the operator of the vehicle in question were `statutory fellow servants' as a premise to the result reached; whereas in the instant case the injured plaintiff and the operator of the vehicle in question were in fact fellow servants under a common employer.
"In the face of these authorities the court reluctantly concludes that the defendant is entitled to judgment as a matter of law."
Appellant's contention upon appeal is that the owner of the truck is vicariously liable because of the dangerous instrumentality doctrine applicable to automobiles, regardless of the provisions of §§ 440.10 and 440.11. We do not think this is true because the truck in question was leased by the defendant to plaintiff's employer, was being operated by the lessee's employee, and was being used as a part of the construction machinery.
Affirmed.
NOTES
[1] § 440.10, Florida Statutes, F.S.A.:

"(1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
"(2) Compensation shall be payable irrespective of fault as a cause for the injury, except as provided in subsection (3) of § 440.09."