PER CURIAM.
Freddy R. Smith sued Ryder Truck Rentals, Inc. and William Holmes for personal injuries received when a motorcycle which Smith was driving collided with a motorcycle driven by William Holmes. An unusual circumstance in the case is that both motorcycles were owned by Ryder Truck Rentals, Inc., and leased to Crandon Wholesale Drug Company and both operators were engaged in the course of their employment by Crandon. The trial judge entered a summary final judgment for Ryder. This appeal by Smith is taken to review that summary final judgment.
Smith received workmen’s compensation from his employer Crandon for the injuries sustained in the accident. The controlling question on this appeal is whether or not the immunity from liability which is granted to an employer under the Workmen’s Compensation Act, § 440.11, Fla.Stat, F.S.A., extends to the employer’s lessor or is the lessor a third party tort-feasor for which liability may be imposed under the dangerous instrumentality doctrine.
In reaching the conclusion that Ryder was not liable the trial judge relied upon the decision of this court in Zenchak v. Ryder Truck Rentals, Inc., Fla.App.1963, 150 So.2d 727. On that appeal we affirmed a judgment of the trial court holding that the owner of a rental truck was not vicariously liable under the dangerous instrumentality doctrine where a fellow servant of the driver was injured by the truck. We find no reason that the principle therein expressed should not be applied in this case. We therefore affirm upon authority of the last cited opinion.
Affirmed.