182 So.2d 422 (1966)
Freddy R. SMITH, Petitioner,
v.
RYDER TRUCK RENTALS, INC., Respondent.
No. 34627.
Supreme Court of Florida.
February 16, 1966.
Irma Robbins Feder, of Green & Hastings, Miami, for petitioner.
Henry Burnett, of Fowler, White, Gillen, Humkey & Trenam, Miami, for respondent.

Revised Opinion
ERVIN, Justice.
The decision of the District Court of Appeal, Third District, in the case of Smith v. Ryder Truck Rentals, Inc., 176 So.2d 599 (1965 Fla.App.) has been certified to us by that Court as a decision that passes upon a question of great public interest.
*423 It appears Freddy R. Smith, petitioner here and plaintiff below, and William Holmes were employed by Crandon Wholesale Drug Company. They both operated motorcycles for the drug company. The motorcycles were leased to the drug company by their owner, Ryder Truck Rentals, Inc., a defendant below and respondent here. Smith sued Ryder Truck Rentals, Inc., and Holmes for personal injuries received when the motorcycle Smith was operating collided with the motorcycle operated by Holmes. The accident occurred on a public street in Miami, Florida.
Summary final judgment was entered in favor of Ryder. On appeal, the District Court affirmed, saying:
"Smith received workmen's compensation from his employer Crandon for the injuries sustained in the accident. The controlling question on this appeal is whether or not the immunity from liability which is granted to an employer under the Workmen's Compensation Act, § 440.11, Fla. Stat., F.S.A., extends to the employer's lessor, or is the lessor a third party tort-feasor for which liability may be imposed under the dangerous instrumentality doctrine.
"In reaching the conclusion that Ryder was not liable the trial judge relied upon the decision of this court in Zenchak v. Ryder Truck Rentals, Inc., Fla.App. 1963, 150 So.2d 727. On that appeal we affirmed a judgment of the trial court holding that the owner of a rental truck was not vicariously liable under the dangerous instrumentality doctrine where a fellow servant of the driver was injured by the truck. We find no reason that the principle therein expressed should not be applied in this case."
Despite the excellent argument of the petitioner, we find we must disallow it. Petitioner urges that the provisions of F.S. Section 440.11, F.S.A. of the Workmen's Compensation Act limiting liability of an employer to payment of workmen's compensation, do not extend to Ryder, the lessor of the motorcycles, and that the latter is a tort feasor subject to petitioner's suit for injuries arising from the alleged negligent operation of the motorcycle. Petitioner contends the vicarious liability of an owner of a dangerous instrumentality to an employee injured by the negligent operation of such instrumentality which is leased to his employer is not immunized by the Workmen's Compensation Act because F.S. Section 440.39, F.S.A. thereof authorizes suits by injured employees against third party tort feasors. He urges there is no basis for treating Ryder, the lessor, any differently than a third party owner of a motor vehicle or other dangerous instrumentality against whom petitioner could have brought suit had the third party's vehicle injured him. He contends the fact there was a lessee-lessor relationship between his employer and Ryder does not operate to immunize the latter. He argues that because he receives Workmen's Compensation benefits owing to the fact he and his employer had accepted the Workmen's Compensation Act is likewise immaterial in view of Section 440.39. He contends he is entitled to any remaining amount over his workmen's compensation benefits that might be recovered from Ryder after his employer or its compensation carrier had been reimbursed the amount paid him for workmen's compensation.
The acceptance of the Workmen's Compensation Act and benefits thereunder serves as a release by the employee of the right to sue his employer for personal injuries resulting from the negligent act of the employer or of a fellow servant occurring in the scope of the employment. Thus, petitioner could not sue his employer in this case because of the statutory release. See F.S. Section 440.11, F.S.A. On the other hand, it is elementary law that petitioner's employer, as lessee and in control of the motorcycle allegedly negligently operated and causing petitioner's injury, could not *424 sue Ryder, lessor of the motorcycle, under the dangerous instrumentality doctrine to recover amounts paid petitioner for workmen's compensation benefits. Under these circumstances where the petitioner had released his employer as a tort feasor by accepting workmen's compensation benefits and the employer, as lessee of the motorcycle, had no right in law to any recovery from its lessor, Ryder, the owner of the motorcycle, in order to recoup workmen's compensation benefits it had paid petitioner, neither petitioner nor his employer had any action against Ryder under Section 440.39 or otherwise. Except where modified by statute, when either a master or a servant being joint tort feasors is released by an injured party, the other tort feasor cannot be sued. See 35 Am.Jur. 963, Master and Servant, paragraph 535. Analogously to this principle, since F.S. Section 440.11, F.S.A., represents an exception to F.S. Section 54.28, F.S.A., the general statute precluding absolvement of liability of a joint tort feasor by release, and since petitioner had, pursuant to Section 440.11, released his employer from suit, petitioner could not sue the owner of the motorcycle as the lessor, since lessor stood with respect to the lessee in any negligence action arising from such relationship as a joint tort feasor. The basis of petitioner's action is the dangerous instrumentality doctrine which is founded on respondeat superior. Since petitioner could not sue his employer whose other employee operating the motorcycle had allegedly caused petitioner's injuries, the employer's lessor could not be required to respond in damages because of his lessee's vicarious negligence.
We think the foregoing is the legal reason for the decision below in this case and for the decisions in Smith v. Poston Equipment Rentals, Inc. (Fla.App. 1958) 105 So. 578, and Zenchak v. Ryder Truck Rentals, Inc. (Fla.App. 1963) 150 So.2d 727, certiorari discharged Fla., 164 So.2d 200, refusing to extend the dangerous instrumentality doctrine announced in 1920 by this Court in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, to situations of the kind appearing in said cases. The courts below must have taken into account that when an employer accepts the Workmen's Compensation Act and provides for the payment of benefits thereunder, he becomes immune from suit by his employee for personal injury sustained by the employee in the scope of his employment (F.S. Section 440.11, F.S.A.); but if the employer had rejected the act, he could not defend such a suit on the ground the injury to his employee was caused by the negligence of a fellow servant. F.S. Section 440.06, F.S.A. On a lease for a term basis to an employer, the motorcycles in this case became, insofar as his employees were concerned, the equivalent of vehicles owned by the employer. They are, so to speak, the vehicles or working tools used in carrying on the employer's business. The employees are not third party members of the public. They are fellow servants, engaged in operating the vehicles similarly as other owned equipment of their employer. They have agreed by accepting the Workmen's Compensation Act to release their employer from any civil liability arising under the dangerous instrumentality doctrine. Their employer in turn has no right of action in law against the lessor of the vehicles for any amounts he has to provide for his injured employees for workmen's compensation. It follows that under such conditions it would not be equitable, but would create hardship, to extend or impute the doctrine of vicarious liability to a lessor. Compare such exceptions to the doctrine as appear in Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla.App.2d 1963), Petitte v. Welch, 167 So.2d 20, (Fla.App. 1964), and Florida Power and Light Co. v. Price, 170 So.2d 293 (Fla. 1964).
Latent, though unexpressed in the opinions below, is the thought that vicarious liability founded on the doctrines of dangerous instrumentality and respondeat superior is primarily for the protection of third *425 party members of the public, rather than injuries sustained by fellow employees under workmen's compensation from negligence inter se.
We agree with the affirmance of the District Court of Appeal and the question certified is answered accordingly.
THORNAL, C.J., and DREW, O'CONNELL and CALDWELL, JJ., concur.