PEARSON, Judge.
The appellant, an injured employee of the Miami Herald Publishing Company, sued the appellee as a third party tort-feasor responsible for his injury. Appellant was paid Workmen’s Compensation. The appellee leased a truck to appellant’s employer. Appellant was injured by falling through the bottom of the truck floor when it collapsed under his weight.
The question presented is whether appel-lee, as the lessor of the instrument which caused the injury, was entitled to immunity from suit under the Florida Workmen’s Compensation Statute, or should he be considered a third party liable to the appellant for negligently supplying the lessee (employer) with a defective instrument. The trial judge held that the appellee was immune from suit and entered summary judgment, for the appellee. We affirm.
There is no genuine issue of material fact, and the point presented is whether appellee was entitled to a judgment as a matter of law. We think that the construction of § 440.10, Fla.Stat., F.S.A. set forth in Smith v. Ryder Truck Rentals, Inc., Fla. 1966, 182 So.2d 422, requires affirmance of the judgment entered. In that case it was held that motor vehicles leased for a term basis to an employer became, insofar as his employees were concerned, the equivalent of vehicles owned by the employer. Appellant attempts to distinguish the holding in the cited case upon the ground that it concerned actions by a fellow employee. We do not think that the fact that no fellow employee was involved in the present action makes the holding inapplicable, inasmuch as the basis of the holding is the liability for an injury caused by the motor vehicle concerned.
Affirmed.