216 So.2d 751 (1968)
Francis R. HUNT, Petitioner,
v.
RYDER TRUCK RENTALS, INC., Respondent.
No. 36706.
Supreme Court of Florida.
December 10, 1968.
Rehearing Denied March 24, 1969.
Sherouse & Corlett and Horton & Schwartz, Miami, for petitioner.
Henry Burnett, Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for respondent.
POPPER, Circuit Judge.
Petitioner Francis R. Hunt, employed by The Miami Herald Publishing Company, was injured on the job when he fell through the bottom of the floor of a newspaper delivery truck which had been leased to his employer by respondent Ryder Truck Rentals. Hunt received Workmen's Compensation benefits from the Herald and thereafter sued Ryder in Dade County Circuit Court, contending that Ryder had negligently supplied a truck with a rotten *752 and dangerous floor and had breached its duty to exercise reasonable care to maintain the truck in a safe condition.
Ryder raised the affirmative defense that Hunt was barred from recovery under the Workmen's Compensation Statute. Ryder moved for a summary final judgment upon the immunity claim raised by its affirmative defense. Said motion was granted, and plaintiff-petitioner appealed to the District Court of Appeal, Third District, which affirmed in Hunt v. Ryder Truck Rentals, Inc., Fla.App. 1967, 201 So.2d 241. The District Court held that the Supreme Court's decision in Smith v. Ryder Truck Rentals, Inc., Fla. 1966, 182 So.2d 422, "requires affirmance". Hunt petitioned the Supreme Court for writ of certiorari directed to the District Court's decision on the ground that it was in direct conflict with the decision of the Supreme Court upon which it relied as controlling authority. The Court has granted the petition and the case came on for argument on the merits.
Petitioner argues that the Smith case and the earlier decision, Zenchak v. Ryder Truck Rentals, Inc., Fla.App. 1963, 150 So.2d 727, and others relied upon in Smith, involved only the dangerous instrumentality doctrine. Petitioner further contends that under the Smith case, this Court held that, since, because of his employer's workmen's compensation immunity, the plaintiff could not sue the actual lessee of the truck for its negligent operation, he could not, under the dangerous instrumentality doctrine, sue the lessor. Petitioner then urges that this case does not involve the dangerous instrumentality doctrine and that, thus, the principle in Smith was erroneously applied.
Respondent maintains, in answer to this contention, that the liability sought to be imposed herein arises under the doctrine of respondeat superior rather than the dangerous instrumentality doctrine and that Smith v. Ryder is applicable to both types of vicarious liability.
Further, respondent, citing Smith v. Poston Equipment Rentals, Inc., Fla.App. 1958, 105 So.2d 578, contends that said case expressly involved the alleged responsibility on the part of the lessor under the doctrine of respondeat superior for the alleged negligent conduct of its employee, and argues therefrom that the immunity of the lessee-employer inures to the benefit of the lessor whether such lessor might otherwise be responsible to the employee under the doctrine of dangerous instrumentality or respondeat superior. Respondent argues, however, that the sole issue in Smith v. Ryder was whether the immunity of a lessee under F.S. 440.10 and 440.11, F.S.A. extends to the lessor.
The second prong to petitioner's argument is that, in fact, there is no vicarious liability asserted herein, but rather respondent Ryder is sued for its own act of negligence as a third party tort-feasor and that the immunity granted Hunt's employer, The Miami Herald, by virtue of Florida Statute 440.11, F.S.A., does not inure to the lessor of the vehicle.
The principal point involved here seems to be whether the mere leasing of equipment, with nothing more, is enough to bring the lessor within the umbrella of immunity provided to the lessee-employer by F.S. 440.10 or 440.11, F.S.A. Stated differently, is the mere lessor of equipment a third party who can be sued for its own negligence within the intendment of the Workmen's Compensation Act?
An analysis of the various cases cited by the parties may be instructive in answering this question and in determining exactly what was the basis of the Supreme Court's decision in Smith v. Ryder Truck Rentals and whether, in fact, there is a conflict between said decision and the decision of the District Court in the case presently pending before the Supreme Court.
In Goldstein v. Acme Concrete Corporation, Fla. 1958, 103 So.2d 202, plaintiff, an employee of the general contractor in a housing project, was injured when struck by a concrete mixer truck owned by Acme Concrete Corporation. At the time of the *753 injury, the mixer was on the job for the purpose of pouring its load of ready-mixed concrete into forms prepared by the general contractor. The question was raised whether Acme was a subcontractor and not a third party against whom an independent action could be maintained under the Workmen's Compensation Act. From a summary judgment in favor of defendant, plaintiff appealed. The Supreme Court, in reversing the decision of the trial court, stated, at p. 205:
"* * * The rule which restricts an employee of a sub-contractor to the provisions of the Workmen's Compensation Act for injuries received because of the negligence of the employees of the general contractor or other sub-contractors, is an extreme one * * *, and should not be extended in such a manner that it could be said to apply to materialmen.
* * * * * *
"Essentially, the relation of Acme and the general contractor is one of vendor and vendee. * * *"
In Smith v. Poston Equipment Rentals, Inc., Fla.App.1958, 105 So.2d 578, the lessor of a crane, who also furnished a crew to operate it, was held to enjoy the immunity of the lessee where the lessee's employee was injured by lessor's employee actually working on the job. The main thrust of the decision is that the injured employee and the allegedly negligent employee fall within the common employment doctrine, and that the immunity granted by 440.10 extends to the lessor-employer who could not be held liable as a third party tort-feasor, since the obligation to secure compensation benefits for the common employees rested with the lessee, and once these benefits had been procured the immunity extended to the lessor of the equipment. Commenting on the Goldstein case, the Court stated, at p. 579:
"* * * Since the general contractor was not required to secure the payment of workmen's compensation for the employees of the materialman, therefore, such materialman did not come within the exemption from liability provided by the Workmen's Compensation Act.
"The case now before us does not come within the holding of Goldstein v. Acme Concrete Corporation, supra, because in the case we now consider, the crane and operator were being used by the contractor to pour and place concrete. The defendant, Poston, had not supplied the concrete, and the work of the crane operator and his helper were as much a part of the construction operation under the general contractor as though the mixed concrete were being transported by wheelbarrow."
In Street v. Safway Steel Scaffold Company, Fla.App.1962, 148 So.2d 38, wherein plaintiff was killed while in the employ of Southeastern Engineering Company due to injuries received when shoring equipment furnished by Safway Scaffold Company collapsed, Safway defended on the ground that it was a subcontractor of Southwestern and entitled to the immunity of the general contractor provided by statute. The Circuit Court directed a verdict for defendant and plaintiff appealed. The District Court affirmed, stating, at p. 42:
"The Workmen's Compensation Act applies to all employment unless specifically exempt. It requires contractors to provide coverage for their employees and places upon contractors the responsibility of coverage for employees of subcontractors. * * * The true test is whether Southwestern was required under the act to be responsible for coverage for employees of Safway engaged in the contract work because the immunity of exclusive remedy follows the statutory duty to provide coverage and a contractor's immunity inures to his subcontractors.

"The mere leasing of equipment or the mere sale and delivery of materials to a general contractor would not grant the privilege of exclusive remedy to the lessor or vendor because § 440.10 does not *754 impose upon a general contractor the duty to secure compensation to employees of lessors or vendors * * *." (Emphasis Supplied)
In Zenchak v. Ryder Truck Rentals, Inc., Fla.App. 1963, 150 So.2d 727, plaintiff was injured, while supervising a job for his employer, by a truck leased from the defendant Ryder Truck Rentals and driven by another employee of plaintiff's employer. Here again is a situation where the common employment doctrine applies. Plaintiff's employer, having been obligated by statute to obtain a compensation benefit for the common employees, enjoys the immunity granted by the statute and, having fulfilled this obligation, the immunity extends to the lessor sought to be held vicariously liable under the dangerous instrumentality doctrine.
In Smith v. Ryder Truck Rentals, Fla. 1966, 182 So.2d 422, plaintiff and one Holmes were employed as motorcycle operators by Crandon Wholesale Drug Company. The motorcycles were leased from defendant. Plaintiff was injured when the motorcycle he was driving collided with that driven by Holmes. In plaintiff's suit against Ryder, summary judgment in favor of Ryder was entered. The District Court affirmed on appeal and certified the case to the Supreme Court as a decision passing upon a question of great public interest. In adhering to the affirmance, the Supreme Court stated, at p. 423:
"The acceptance of the Workmen's Compensation Act and benefits thereunder serves as a release by the employee of the right to sue his employer for personal injuries resulting from the negligent act of the employer or of a fellow servant occurring in the scope of the employment. Thus, petitioner could not sue his employer in this case because of the statutory release. See F.S. Section 440.11, F.S.A. On the other hand, it is elementary law that petitioner's employer, as lessee and in control of the motorcycle allegedly negligently operated and causing petitioner's injury, could not sue Ryder, lessor of the motorcycle, under the dangerous instrumentality doctrine to recover amounts paid petitioner for workmen's compensation benefits. Under these circumstances where the petitioner had released his employer as a tort feasor by accepting workmen's compensation benefits and the employer, as lessee of the motorcycle, had no right in law to any recovery from its lessor, Ryder, the owner of the motorcycle, in order to recoup workmen's compensation benefits it had paid petitioner, neither petitioner nor his employer had any action against Ryder under Section 440.39 or otherwise. Except where modified by statute, when either a master or a servant being joint tort feasors is released by an injured party, the other tort feasor cannot be sued. * * * Analogously to this principle * * * Since petitioner had, pursuant to Section 440.11, released his employer from suit, petitioner could not sue the owner of the motorcycle as the lessor, since lessor stood with respect to the lessee in any negligence action arising from such relationship as a joint tort feasor. The basis of petitioner's action is the dangerous instrumentality doctrine which is founded on respondeat superior. Since petitioner could not sue his employer whose other employee operating the motorcycle had allegedly caused petitioner's injuries, the employer's lessor could not be required to respond in damages because of his lessee's vicarious negligence.
"We think the foregoing is the legal reason for the decision below in this case and for the decisions in Smith v. Poston Equipment Rentals, Inc. (Fla. App. 1958) 105 So. 578, and Zenchak v. Ryder Truck Rentals, Inc. (Fla.App. 1963) 150 So.2d 727, certiorari discharged Fla., 164 So.2d 200, refusing to extend the dangerous instrumentality doctrine * * * to situations of the kind appearing in said cases. * * *

*755 "Latent, though unexpressed in the opinions below, is the thought that vicarious liability founded on the doctrines of dangerous instrumentality and respondeat superior is primarily for the protection of third party members of the public, rather than injuries sustained by fellow employees under workmen's compensation from negligence inter se." (Emphasis Supplied)
From the above examination of prior cases on this subject and the legal reasoning which led to the conclusions therein, it should become clear that the essential requirement for immunity is the obligation on the part of the lessee (contractor) to provide Workmen's Compensation for his own employees and those of others employed on the job and falling within the common employment doctrine. Where such obligation exists, the immunity enjoyed by the contractor extends to the lessor (subcontractor) for injuries received by or caused by the common employees.
Secondly, where the lessee is the negligent party, either directly or vicariously and enjoys the immunity, the assertion of vicarious liability against the lessor under either the dangerous instrumentality doctrine or that of respondeat superior must fail, since, at best, he is a joint tort-feasor with the lessee, whose liability has been released by statute. Thus, the lessor is also released.
But in the instant case, there was no common employment and therefore no obligation on the lessee to provide compensation benefits to anyone other than his own employees. Furthermore, the lessor here is not sued upon its vicarious liability, but upon its primary duty to furnish and maintain a safe truck. It is not argued that lessee was in any way jointly negligent so as to raise the joint tort-feasor question, which was the focal point of Smith v. Ryder. There is no reason to extend the immunity accorded by the statute, or the cases decided thereunder, to include a mere lessor. Defendant-respondent here is, quite simply, a third party tort-feasor in the same category as a materialman or a vendor charged with active negligence and falls within the rationale of the Goldstein case and the dictum in Street v. Safway to the effect that the mere leasing of equipment to a general contractor would not grant the privilege of exclusive remedy to the lessor, because 440.10 does not impose upon the general contractor the duty to secure compensation to the employees of lessors.
Reversed and remanded.
DREW, J., and WALKER, Circuit Judge, concur.
ERVIN, J., concurs specially with opinion.
CALDWELL, C.J., and ROBERTS and ADAMS (Ret.), JJ., dissent.
ERVIN, Judge (concurring specially).
The Petitioner's action against Respondent arises from Respondent's duty to keep the rental truck it owns in a safe condition. That is a duty Respondent owed the Miami Herald, the employer-lessee, and the employee-petitioner, absent provisions in the lease agreement to the contrary.
It follows Petitioner's action is not based on vicarious liability or the dangerous instrumentality doctrine. If it were, then the rule in Smith v. Ryder Truck Rentals (Fla.), 182 So.2d 422, would apply and because of Petitioner's acceptance of workmen's compensation benefits no recovery could be had.