OWEN, Judge
(concurring specially):
I concur in the decision to reverse the judgments appealed but apparently on a different ground than that expressed by my colleagues. Summary judgments entered in favor of defendants Gold Coast Crane Service, Inc., a Florida corporation, and REW Crane Service, Inc., a Florida Corporation were predicated upon the immunity provisions of the Workmen’s Compensation Act, F.S.1965 Sections 440.10 and 440.11, F.S.A. Although the general contractor by whom plaintiff’s decedent was employed had secured workmen’s compensation on its employees, the general contractor had not secured workmen’s compensation on the employees of Gold Coast Crane Service, Inc. or REW Crane Service, Inc., both of whom were subcontractors. The record as it exists at the present time is silent as to whether these subcontractors had secured workmen’s compensation as to their own employees, whose alleged negligence resulted in the death of plaintiff’s decedent on a construction job. The exclusive remedy of the Workmen’s Compensation Act is an affirmative defense, cf. Hunt v. Ryder Truck Rentals, Inc., Fla.1968, 216 So.2d 751. Under the doctrine of Holl v. Talcott, Fla.1966, 191 So.2d 40, appellees have failed at this stage of the case to conclusively demonstrate by undisputed facts that they are entitled to judgment as a matter of law.