394 So.2d 994 (1981)
Blanca IGLESIA, Appellant,
v.
Gustavo FLORAN et al., Appellees.
No. 58892.
Supreme Court of Florida.
February 19, 1981.
*995 Robert L. Switkes of the Law Offices of Schwarz & Schiffrin, Miami Beach, and Bonnie Lee Daniels of Lawrence & Daniels, Miami, for appellant.
Peters, Pickle, Flynn, Niemoeller, Stieglitz and Downs, Jeanne Heyward, and Betsy E. Hartley of Talburt, Kubicki & Bradley, Miami, for appellees.
Larry Klein, West Palm Beach, Florida, for The Academy of Florida Trial Lawyers, amicus curiae.
PER CURIAM.
While in the course of his employment with Ace Parker, Inc., Gustavo Floran delivered merchandise in a car his employer had rented from Hertz Corporation. On one trip Floran was accompanied by Jose Iglesia, another Ace Parker employee. As a result of Floran's operation of the motor vehicle on that day, Iglesia was thrown from the vehicle and killed.
Iglesia's personal representative sought and recovered workmen's compensation benefits from Ace Parker, Inc. She then brought suit against Floran and Hertz to recover damages for her husband's death. Hertz defended against the lawsuit by contending that Florida law bars suits against the owner of a rental vehicle leased by an employer who has paid workmen's compensation benefits, relying on Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966), and Zenchak v. Ryder Truck Rentals, Inc., 150 So.2d 727 (Fla. 3d DCA 1963), cert. discharged, 164 So.2d 200 (Fla. 1964). On the basis of those cases, the trial judge granted summary judgment for Hertz Corporation and against Iglesia's personal representative.
In seeking to recover against Floran, Iglesia argued to the trial court the unconstitutionality of a 1978 amendment to section 440.11(1), Florida Statutes (1977).[1] This amendment grants immunity from tort liability to co-employees who, while in the course of their employment, negligently injure other employees of the same employer, unless the employees act with willful and wanton disregard or unprovoked physical aggression or with gross negligence.[2] The trial court ruled that the 1978 amendment was constitutional, in that it did not bar access to courts under article I, section 21 of the Florida Constitution,[3] and that summary judgment for Floran was proper. This ruling forms the basis for the appeal now presented to us.
With respect to Hertz Corporation, the trial judge correctly granted summary judgment on the basis of Smith and Zenchak. The workmen's compensation statute has absolutely no effect on Hertz Corporation's immunity from suit under the common law doctrine we have previously announced. *996 Indeed, Iglesia does not suggest any basis to recede from our earlier decision in this regard.
With respect to Floran, the trial judge was also correct. In Kluger v. White, 281 So.2d 1 (Fla. 1973), we held that the legislature may not abolish a common law right for which no reasonable alternative is provided, unless an overpowering public necessity to do so exists. Before the 1978 amendment to section 440.11, an employee had the right to bring a lawsuit against a co-employee for death or injuries negligently inflicted. Frantz v. McBee Co., 77 So.2d 796 (Fla. 1955).[4] But in Kluger we stated:
In McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867 (1942), this Court approved the so-called "Guest Statute" which merely changed the degree of negligence necessary for a passenger in an automobile to maintain a tort action against the driver. It did not abolish the right to sue, and does not come under the rule which we have promulgated.
281 So.2d at 4. Section 440.11 still provides a cause of action for gross negligence just as the court-sustained "guest statute" did.
The Florida legislature has broad powers in enacting legislation. The acts that it passes are to be sustained unless they run afoul of a limitation placed upon them by the Florida Constitution or violate a provision of the United States Constitution. Contrary to the contention of Iglesia, section 440.11 does not violate the access to courts provision of the Florida Constitution and should be upheld.
The summary judgment order of the trial court is affirmed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Ch. 78-300, § 2, Laws of Fla.
[2] When there is a statute granting immunity from liability to employees for the negligent acts of other employees, most jurisdictions have precluded actions by co-employees against each other. See Annot. 21 A.L.R.3d 845, 849 (1968). Others, however, have not. Grantham v. Denke, 359 So.2d 785 (Ala. 1978) (Alabama's statute excluded employees from its definition of third parties against whom actions could be brought. No exception allowing an action for gross negligence was made.).
[3] This provision of the constitution states in relevant part: "The courts shall be open to every person for redress of any injury ..."
[4] Frantz recognized the right of one employee to sue a co-employee for negligent acts and emphasized the absence of a specific statutory prohibition for such an action.