448 So.2d 1132 (1984)
Frank Randall MANN, Appellant,
v.
PENSACOLA CONCRETE CONSTRUCTION COMPANY, INC., and United States Fidelity and Guaranty Company, Appellees.
No. AS-415.
District Court of Appeal of Florida, First District.
April 6, 1984.
Rehearing Denied May 2, 1984.
*1133 Charles J. Kahn, Jr., and Robert J. Mayes of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Charles L. Cetti of Cetti, McGraw, Bearman & Eddins, Pensacola, for appellees.
WIGGINTON, Judge.
Plaintiff, Frank Randall Mann, injured at work on June 6, 1981, appeals from a summary judgment entered in favor of the allegedly negligent owner of a crane who loaned the crane to plaintiff's employer. At issue is whether the owner is immune from tort liability under Florida's common law doctrine announced in Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966), and adhered to in Iglesia v. Floran, 394 So.2d 994 (Fla. 1981), or if not, whether the owner was negligent. The trial court granted summary judgment in favor of the crane owner. Unfortunately, the rule of law applied was incorrect and we reverse.
The following facts were gleaned from the pleadings and depositions. James Murphy, Mann's employer and owner of Commercial Coatings, Inc., arranged with Robert Harris, owner of Pensacola Concrete Construction Company, Inc., to borrow Pensacola Concrete's crane. Harris agreed to loan Murphy the crane, free of charge, as a favor.
The following weekend, on the day of the accident, Donald Moore, another of Murphy's employees, decided that the use of the crane was necessary to expedite a particular phase of construction. Apparently without asking permission of Murphy, who was not present at the construction site that day, Moore and a co-employee drove to Pensacola Concrete's yard to pick up the crane. Moore approached the crane, noticed it had the keys in it, and drove it back to the construction site without any instructions from, or conversation with, an agent or employee of Pensacola Concrete.
*1134 When Moore returned to the job driving the crane, Mann signaled to him and jumped onto the hook and ball at the end of the crane's cable. Moore was under the impression from Mann's smiling that he wanted to have some fun, so Moore extended the crane's boom, and raised Mann several feet from the ground. The cable snapped, causing Mann to fall and thereby to suffer severe injury.
According to Murphy, when he inspected the crane after the accident he observed no defects. Rather, it was his opinion that Moore had extended the boom of the crane too far without allowing slack on the cable, thereby causing the cable to break from tension.
Harris stated that although he was not present when Moore picked up the crane, he was under the impression that one of his company employees brought the crane over to the construction site, and instructed Murphy's employee on the operation of the crane, as that was how it had been handled when Murphy borrowed the crane in the past. Harris maintained that the crane and the cable were always inspected before the crane was operated.
By amended complaint, Mann sued Pensacola Concrete and his co-employee Moore for damages, alleging only that Pensacola Concrete owned the crane which was operated, with its permission and consent, by Moore who acted with "gross negligence and reckless disregard to the rights of" Mann.[1]
Pensacola Concrete answered the amended complaint by admitting that it had loaned the crane, free of charge, to Commercial Coatings, Inc., but denying that it had given permission to Donald Moore to operate the crane. Pensacola Concrete presumed that if any permission was given to Moore, it was given by Moore's employer, Murphy. It further denied exercising control over the operation of the crane at any time material to Mann's injury. Pensacola Concrete also moved for summary judgment on the basis that there was no negligence on its part, and that there was no defect in the crane known by, or which should have been known by, Pensacola.
Initially, the trial court entered an order granting Pensacola Concrete's motion for summary judgment on the authority of Smith v. Ryder Truck Rentals, Inc. and Iglesia v. Floran, which holdings extend an employer's immunity from liability for an employee's injuries to the lessor of the vehicle that caused the injury through its negligent operation. Under the Smith rationale, leased vehicles become the "equivalent" of those owned by the employer; "[t]hey are, so to speak, the vehicles or working tools used in carrying on the employer's business." 182 So.2d at 424. See also Jackson v. Marine Terminals, Inc., 422 So.2d 882 (Fla. 3d DCA 1982). However, as was the case in LeSuer v. LeSuer, 350 So.2d 796 (Fla. 1st DCA 1977), here there was no lease, so the crane was not the "equivalent" to one owned by Commercial Coatings. Accordingly, the Smith immunity does not extend to Pensacola Concrete, and the trial court erred in relying on Smith and Iglesia in its order.
Notwithstanding the trial court's order, in its final summary judgment, the trial court found that the evidence
fails to indicate any negligence on behalf of the defendant, Pensacola Concrete Construction Company, Inc., and [the evidence] affirmatively demonstrates that there were no defects in the crane known to the defendant, at the time it was loaned to the plaintiff's employer.
A careful review of the record leads us to the same conclusion. The pleadings and depositions contained therein do not create a genuine issue of material fact as to Pensacola Concrete's active negligence.
However, on appeal, Mann argues that Pensacola Concrete is vicariously liable under either the dangerous instrumentality doctrine or the inherently dangerous activity *1135 doctrine.[2] We find that the amended complaint, although bare bones, is sufficient to raise the issue of vicarious liability predicated on the dangerous instrumentality doctrine. However, as was the case in LeSuer, any question of Pensacola Concrete's vicarious liability for Moore's negligent operation of the crane was not passed on by the trial court. Consequently, a material issue remains unresolved making final summary judgment in Pensacola Concrete's favor inappropriate.
Accordingly, the judgment is REVERSED and the cause REMANDED to the trial court for further proceedings.
THOMPSON and ZEHMER, JJ., concur.
NOTES
[1] The complaint was amended to allege gross negligence against Moore in order to avoid the Workers' Compensation immunity from liability extended to Moore, as a fellow-employee, by section 440.11(1), Florida Statutes (1979).
[2] A crane in operation has been held to be inherently dangerous. General Portland Land Development Company v. Stevens, 395 So.2d 1296 (Fla. 4th DCA 1981); Atlantic Coast Development Corporation v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980); Geffrey v. Langston Const. Co., 58 So.2d 698 (Fla. 1952).