559 So.2d 317 (1990)
Miguel MORALES, et al., Appellants,
v.
RYDER TRUCK RENTAL and State Farm Mutual Automobile Insurance Company, Appellees.
No. 89-799.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*318 Dunn & Johnson, P.A., Perse & Ginsberg, P.A., and Edward A. Perse, Miami, for appellants.
Nelson & Tacher and David L. Willing, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Miguel and Luisa Morales appeal from an order of final summary judgment. We affirm.
On February 22, 1985, Miguel Morales and Jack Beaver, both employees of Shell City Liquors [Shell City], were working at the Miami Grand Prix. Shell City had been hired by Gene's Catering [Gene's] to provide liquor at the event. Gene's had leased a truck from Ryder Truck Rental [Ryder]. Beaver drove the Ryder truck and caused injury to Morales, his passenger and co-worker. Morales and his wife sued Ryder and its insurer for personal injuries and loss of consortium. Ryder answered and asserted, as an affirmative defense, that Morales's claim was barred by workers' compensation immunity. See generally § 440.11, Fla. Stat. (1987). Ryder moved for summary judgment on the immunity issue; the trial court granted the motion. We affirm.
The Supreme Court of Florida has held that when a dangerous instrumentality is leased to an employer, the lessor shares with the employer workers' compensation immunity from suit by the employee for personal injuries. Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966); see also Zenchak v. Ryder Truck Rentals, Inc., 150 So.2d 727 (Fla. 3d DCA 1963) (same), cert. dismissed, 164 So.2d 200 (Fla. 1964). In Smith, the court held that the leased vehicle "became, insofar as his [the employer's] employees were concerned, the equivalent of vehicles owned by the employer. They are, so to speak, the vehicles or working tools used in carrying on the employer's business." 182 So.2d at 424. The court reasoned that "[t]he employees are not third party members of the public. They are fellow servants, engaged in operating the vehicles similarly as other owned equipment of their employer. They have agreed by accepting the Workers' Compensation Act to release their employer from any civil liability arising under the dangerous instrumentality doctrine." Id. Under such circumstances, the court held, it would be inequitable to impute vicarious liability to the lessor. Id.
The result and reasoning in Smith require affirmance of the order on appeal. As a matter of law, Ryder is not vicariously liable for the negligence of Morales's coemployee. As lessor of the vehicle, Ryder partakes of the employer's workers' compensation immunity. The truck was used as a "working tool" of Morales's employer and, thus, was the functional equivalent of a truck owned by the employer. It matters not that Gene's, and not Shell City, Morales's immediate employer, leased the truck from Ryder. Shell City had been hired by Gene's; both were engaged in a *319 common enterprise.[1] Morales and Beaver were co-employees engaged in furthering that enterprise. Therefore, Morales's claim against Ryder is barred by workers' compensation immunity.[2]
Affirmed.
NOTES
[1] The record does not reveal whether Morales and Beaver were borrowed servants, independent contractors, subcontractors, or temporary employees of Gene's. Their actual employment status is not relevant to our decision today; Ryder shares the workers' compensation immunity with whichever employer  Gene's or Shell City  was responsible for providing workers' compensation coverage to Morales.
[2] As there was an actual lease between Ryder and Gene's, our decision today creates no further conflict between the districts on the issue of whether a lease is necessary between the owner and employer in order for the owner to share the employer's immunity. See Scott & Jobalia Constr. Co. v. Halifax Paving, 538 So.2d 76, 82 (Fla. 5th DCA) (crane's owner shares employer's immunity even when no lease exists and crane "borrowed on a handshake"), rev. granted, 544 So.2d 199 (Fla. 1989); compare, Mann v. Pensacola Concrete Constr. Co., 527 So.2d 279 (Fla. 1st DCA) (where no lease exists between owner and employer, owner does not acquire employer's immunity), rev. denied, 534 So.2d 400 (Fla. 1988).