565 So.2d 1346 (1990)
HALIFAX PAVING, INC., Etc., Petitioner,
v.
SCOTT & JOBALIA CONSTRUCTION COMPANY, INC., Respondent.
No. 73746.
Supreme Court of Florida.
July 26, 1990.
J. Lester Kaney of Cobb, Cole & Bell, Daytona Beach, for petitioner.
Richard Prospect of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for respondent.
KOGAN, Judge.
We have for review Scott & Jobalia Construction Co., Inc. v. Halifax Paving, *1347 Inc., 538 So.2d 76 (Fla. 5th DCA 1989), based on express and direct conflict with Mann v. Pensacola Concrete Construction Co., Inc., 448 So.2d 1132 (Fla. 1st DCA), review denied, 461 So.2d 115 (Fla. 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
While working on a construction site in Volusia County, Scott & Jobalia Construction Co. ("S & J") borrowed a crane and its operator from Halifax Paving, Inc. There was no oral or written lease and no rent or other compensation was paid. The crane was loaned purely as a matter of courtesy. Although the crane operator was solely an employee of Halifax, his activities nevertheless were controlled by S & J workers through the use of hand signals. During work, a pipe fell from the sling attached to the crane and injured one of S & J's workers, named Grier.
Grier recovered worker's compensation from S & J, and then filed suit against Halifax as owner of the crane. Halifax, through its insurance carrier, United States Fidelity & Guaranty, settled Grier's claim for $67,500. Halifax then sued S & J for common law indemnity, contending that any active negligence was attributable to S & J. The jury concluded that the crane operator was a "borrowed servant" and returned a verdict for Halifax. Scott & Jobalia, 538 So.2d at 79.
On appeal, the Fifth District reversed. It concluded that the owner of a dangerous instrumentality loaned for use on a job site fell within the scope of the worker's compensation immunity enjoyed by the employer. As a result, the exclusive remedy available to Grier was worker's compensation and no tort action or resulting claim for indemnity was proper. Id. at 82. This review ensued.
Florida law long has recognized the "borrowed servant" rule. See Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358 (1936). Under this rule, one who borrows and exercises control over the servant or worker of another in effect assumes all liability for the activities of the borrowed servant or worker. Id. We believe the record contains substantial competent evidence to show that the crane operator became a "borrowed servant" within the definition of that term provided in Shelby Mutual Insurance Co. v. Aetna Insurance Co., 246 So.2d 98, 101 (Fla. 1971).
Similarly, this Court established in Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966), that a worker injured by a leased dangerous instrumentality operated by a fellow worker is limited to no more recovery than that permitted by the worker's compensation statutes. The central rationale of Smith is that leased equipment used on a job site in effect has become the working tool of the employer.[1]Id. at 424. Thus, the exclusivity principle of worker's compensation comes to bear. See § 440.11, Fla. Stat. (1987).
We see no reason why a different result should obtain in the present case. The only relevant differences between this case and Smith are that the dangerous instrumentality in this instance was informally borrowed, not leased, and the operator of this instrumentality was a borrowed servant, not a fellow servant. We agree with the Fifth District that these differences are not sufficient to justify a different result than that in Smith. Accord Morales v. Ryder Truck Rental, 559 So.2d 317 (Fla. 3d DCA 1990).
Indeed, the central policies of worker's compensation are to provide employees with a swift and adequate means of compensation for injury, and to insulate employers from potentially bankrupting tort liability for work-place accidents. Both of these policies are best advanced by the rule adopted by the district court below. In this case, the crane that injured Grier in effect had become one of the work-place tools of Grier's employer. The one who operated the crane did so under the direction of S & *1348 J and its agents or employees, thus justifying the jury below in concluding that the crane operator was a borrowed servant. There is no allegation that any undisclosed defect in the crane resulted in the injury or that Halifax in any other way was responsible for a negligent act that proximately led to Grier's injury.
We acknowledge, as Halifax notes, that more recent conceptions of worker's compensation have cast into doubt at least some of the rationale of Smith. Halifax correctly notes, for instance, that we made the following observation in Employers Insurance of Wausau v. Abernathy, 442 So.2d 953, 954 (Fla. 1983):
The justification for limiting liability or granting immunity is the substitution of something else in its place, a quid pro quo. The duty to provide workers' compensation benefits supplants tort liability to those injured on the job... . If the duty to provide such coverage does not exist, then one has no reason to expect immunity from wrongdoings committed against a third party.

(Citation omitted; emphasis added). However, we believe that the last sentence of this quotation is fully in accord with the central premise of Smith and with the result we reach today.
The point of both Smith and our opinion here is that, while the third party certainly had no duty to provide worker's compensation to the injured party, neither did the third party in any logical sense contribute to the work-place injury that actually occurred. In both logic and fairness, the injury here and in Smith was a work-place injury occurring as a result of a dangerous instrumentality in the control of the employer. This conclusion is only underscored by the fact that the jury below agreed with Halifax that any active negligence was attributable to S & J. When this is the case, the exclusive remedy is worker's compensation.
For the foregoing reasons, the opinion of the Fifth District Court is approved. To the extent of any conflict with this opinion, we disapprove the opinions of the First District in Mann v. Pensacola Concrete Construction Co., Inc., 527 So.2d 279 (Fla. 1st DCA), review denied, 534 So.2d 400 (Fla. 1988); Mann v. Pensacola Concrete Construction Co., Inc., 448 So.2d 1132 (Fla. 1st DCA), review denied, 461 So.2d 115 (Fla. 1984) and LeSuer v. LeSuer, 350 So.2d 796 (Fla. 1st DCA 1977).
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and GRIMES, JJ., concur.
NOTES
[1] However, Smith did not address, and we do not address here, the question of whether the owner of leased equipment may be liable to persons other than workers or servants of the one who has leased or borrowed the equipment.