613 So.2d 510 (1993)
Charles LARZELERE and Christel Larzelere, his wife, Appellant,
v.
EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, C.P. Ward, Inc., Kbh Equipment Company, Ssp Construction Equipment, Inc., Ssp Industries, Fred Gramlich and Enterprise Building Corporation, Appellees.
No. 91-04047.
District Court of Appeal of Florida, Second District.
January 15, 1993.
Rehearing Denied February 22, 1993.
John A. Lloyd, Jr., of John Lloyd Law Offices, P.A., St. Petersburg, for appellants.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller, Goldman, Freeman & Lovell, *511 P.A., St. Petersburg, for appellees C.P. Ward and KBH Equip.
FRANK, Acting Chief Judge.
Charles Larzelere and Christel Larzelere, his wife, have appealed from a final summary judgment in favor of C.P. Ward, Inc., and KBH Equipment Company. We reverse.
Charles Larzelere, an employee of Enterprise Building Corporation, was injured on the job when shorejacks being raised by a crane fell and hit him. The crane was owned and furnished by KBH and Ward, but the crane and the operator had been leased to Enterprise. When the accident occurred, Enterprise's employees had seated the load on the hook and were directing the crane operator with hand signals.
The trial court granted summary judgment on the ground that suit against KBH and Ward was barred by the exclusive remedy provision of section 440.11, Florida Statutes, the workers compensation statute. The trial court concluded that, as in Halifax Paving v. Scott & Jobalia Construction Co., Inc., 565 So.2d 1346 (Fla. 1990), the crane had become a workplace tool of Enterprise. See Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966). When a dangerous instrumentality is leased to an employer, the lessor shares the employer's worker's compensation immunity from suit by employees. Morales v. Ryder Truck Rental, 559 So.2d 317 (Fla. 3d DCA 1990). The crane operator, acting under Enterprise's direction, became Enterprise's borrowed servant.
Although the trial court acted correctly in its disposition of the negligence issue, it failed to take into account that the Larzeleres had also sued Ward and KBH for supplying a defective crane. In the order granting summary judgment in favor of Ward and KBH on the issue of the crane operator's negligence, the trial court did not preserve the Larzeleres' pleaded product liability claim.
The fifth district has recently addressed a similar situation in Litton v. Saf-T-Green of Orlando, Inc. and Stillman, 608 So.2d 908 (Fla. 5th DCA 1992). There the court stated,
Given the evidence in the record, this case appears ultimately to turn on a disputed issue of fact: was the cause of accident a defect or other problem with the machinery or was it operator error? Under the former, Saf-T-Green would be liable to the employee; under the latter, Saf-T-Green would enjoy worker's compensation immunity. This factual issue could not, however, be decided by way of summary judgment.
608 So.2d at 910.
At the hearing on the Ward/KBH motion for summary judgment, the attorney for the Larzeleres specifically advised the trial court that the products liability claim was not a part of the motion for summary judgment. The court nevertheless entered a final summary judgment in favor of KBH and Ward, without excluding that claim from its order.
Because genuine issues of material fact may exist concerning whether a defect, if any, in the crane supplied by Ward and KBH contributed to the Larzeleres' injuries, the final summary judgment is reversed to the extent that it deprives the Larzeleres of their product liability claim.
PATTERSON and BLUE, JJ., concur.