SHAHOOD, J.
Appellant, Donald Watson (Watson), filed this negligence action against Brown *977 ing Ferris Industries of Florida, Inc. (BF Fla.), BFI Waste Systems of North America, Inc. (BFI), and Browning Ferris Industries, Inc. (BF Industries) seeking damages for injuries he sustained on July 30, 1998, while working as a day laborer for BFI. Watson alleged that the driver of the BFI garbage truck to which he was assigned negligently operated the truck, causing it to run over Watson, and inflicting severe injury.
At issue in this appeal is whether the truck which was involved in the accident was titled to BF Fla. at the time of the accident such that BF Fla. would be liable as a matter of law based on Florida’s Dangerous Instrumentality Doctrine.[1] The record shows that title to the truck was issued to BF Fla. on September 30, 1994. On September 30, 1997, BF Fla. executed an internal corporate resolution purporting to transfer title to the truck, as well as other assets, to BFI. The records of the Florida Department of Motor Vehicles do not reflect a change, however, until December 1998 or January 1999. The trial court found,
Title to the truck in question shows a name change from [BF Fla.] to [BFI] on December 22, 1998. However, [BFI] was the beneficial owner of the truck as a result of a transfer of all assets of [BF Fla.] to [BFI] in 1997. Both [BFI] and [BF Fla.] are wholly owned subsidiaries of [BF Industries].
The Court concludes that [BF Fla.] is not hable as owner of the vehicle under the doctrine of dangerous instrumentality. See Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 [ (Fla.1966) ].
It is not disputed that, at the time of the accident, the truck was titled to BF Fla. Appellees argue, however, that due to the resolution which transferred the assets internally from BF Fla. to BFI, BF Fla. is no longer liable for negligence involving the truck because BFI was the beneficial owner of the truck at the time of the accident.
Smith, upon which the trial court relied, addressed the issue of whether the lessor from whom the employer leased the motorcycle could be held liable under the dangerous instrumentality doctrine for injuries caused by the negligence of an employee. The court held that the lessor shared the employer’s workers’ compensation immunity and was not, therefore, liable for the injuries. The principle set forth in Smith has also been extended to those situations in which there is no formal lease agreement, but only an informal agreement to borrow the equipment. See Commercial Coatings of Northwest Fla., Inc. v. Pensacola Concrete Constr. Co., 616 So.2d 960 (Fla.1993).
Smith applies to this case only if one assumes the corporate resolution effectuated the transfer of beneficial ownership of the truck to BFI and BF Fla. then borrowed the truck for its daily operations. We cannot assume that, however, because the corporate resolution gave the president or vice president authority to transfer the assets only by executing a bill of sale or assignment. See Carothers v. Patton, 288 So.2d 293 (Fla. 3d DCA 1973)(holding that where resolution merely authorizes corporate officers to transfer assets, no transfer takes place until an assignment is perfected). Because there was no subsequent sale or assignment, nothing passed from BF Fla. to BFI at the time of the resolution; therefore, at the time of the accident, BF Fla. still held the title to the truck and may be subject to liability.
*978 Accordingly, we reverse the trial court’s grant of summary final judgment in favor of appellee and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
POLEN, C.J., and GUNTHER, J., concur.

. The parties agree that BFI, the employer of the person who was driving the truck, is ma-mune from suit under the workers' compensation statute.