POSTAL TELEGRAPH & CABLE COMPANY v. BART DOYLE.

167 So. 358.
Division B.
Opinion Filed April 11, 1936.
Rehearing Denied April 28, 1936.

*P. W. Harvey, B. F. Brass* and *McKay, Dixon & DeJarnette,* for Plaintiff in Error;

*Joseph Ginsberg* and *Scarlett & Futch,* for Defendant in Error.

TERRELL, J.—This is an action for personal injuries. The third amended declaration on pleas to which the case went to trial was in three counts. The first count in substance alleged that defendant, plaintiff in error, was engaged in the business of transmitting telephone and telegraph messages for hire, that it owned a motorcycle for the use of its employees in the transaction of its business, that on the afternoon of February 3, 1931, and one of its employees, Tharon Westberry, so negligently managed and operated said motorcycle in the regular course of the company's business that it ran upon and over Bart Doyle, defendant in error, while he was walking along Ocean Shore Boulevard, a public highway of Daytona Beach, that he, Doyle, was knocked down and permanently injured and rendered incapable of pursuing his occupation as a sign painter.

The second count is different from the first in that it alleges that the motorcycle owned by defendant was a dangerous instrument, that Tharon Westberry who was operating when Doyle was run over was a minor, that defendant voluntarily permitted and authorized said minor to operate said motorcycle knowing it to be a dangerous instrument, and while being so operated Doyle was knocked down and permanently injured and rendered incapable of following his occupation of sign painter.

A third count alleged the use of a motorcycle to deliver messages by servants of defendant but was silent as to ownership. It was held bad on demurrer. The case was tried on the following pleas to counts one and two; the general issue, denial of ownership of the motorcycle, denial that employees of defendant were using the motorcycle in the discharge of defendant's business, contributory negligence, that the accident in which Doyle was injured was unavoidable, and that Doyle's injuries were not permanent.

Motion for directed verdict at the conclusion of plaintiff's testimony and at the conclusion of all the testimony was denied. The first trial resulted in a verdict and judgment of $5,000.00 for plaintiff but was set aside and a new trial granted. A second trial resulted in a verdict and judgment of $7,000.00, a new trial was denied, and the present writ of error was prosecuted to that final judgment.

The first assignment of error is predicated on failure of the allegata and the probata to correspond.

The first and second counts of the declaration both allege "that defendant owned a certain motorcycle for the use of its employees in its said business." Pleas of the defendant put the question of ownership of the motorcycle squarely in issue. The plaintiff failed completely to prove ownership except by remote inference while the evidence submitted by the defendant showed conclusively that the motorcycle was owned by one Phillips who purchased it more than a year before Doyle was injured and sold it more than a year after, that it was never owned by defendant nor did defendant ever acquire any interest in it.

The evidence also shows that Phillips was the local manager of defendant at Daytona Beach at the time of the accident, that he rented the motorcycle to Tharon Westberry, but there is no allegation that it was rented to him with the knowledge or consent of defendant or as a servant of defendant, and the evidence fails to satisfactorily connect the defendant with the ownership or rental of the motorcycle. The proof was consequently at variance with the allegations of the declaration for which the motion for an instructed verdict should have been granted. Ingram-Dekel Lumber Co. v. Geiger, 71 Fla. 390, 71 So. 552; Engleman v. Traeger, 102 Fla. 756, 136 Sou. 527.

It is next contended that defendant cannot be held re-

sponsible for Doyle's injury because its agent, Tharon West-berry, was at the time of the accident loaned or farmed out to a third party for whom he was acting and being controlled.

It is competent for a principal to loan or farm out his servant to a third party and if such third party has complete dominion over the servant and directs his conduct at all times he will be held responsible for his derelictions even though the principal is paying his salary but this rule does not hold good if the principal in any way withholds control over him.

The evidence on this point shows that Phillips, the local manager for defendant at Daytona Beach, on the day of the accident had loaned Tharon Westberry, defendant's messenger boy, to United Press, a corporation, which was reporting the speed trials of Sir Malcolm Campbell, that at the time of the accident he was in the employ of and was being directed by United Press, but it is also shown that he was reporting the speed trials to defendant. In this situation the question of whose agent he was became one of fact for the jury which resolved it against the contention of plaintiff in error. This finding finds ample support in the record.

What we have said in answer to the preceding question is conclusive as to question three so the latter will not be discussed further.

The fourth question urged is grounded on the admission of evidence at the trial tending to prove Doyle's skill as a poster artist.

The declaration is grounded solely on the allegation that as a result of the injury to Doyle caused by the servant of defendant he (Doyle) is now precluded from and is permanently disqualified to pursue his trade of sign painter.

The fact that plaintiff was a poster artist was not so much as intimated in the declaration, yet he was permitted to show by evidence that he was a skillful poster artist in addition to being a sign painter, that the trade of poster artist was entirely different from that of a sign painter, and was rewarded by larger compensation. The introduction of this evidence was clearly erroneous and should not have been permitted.

The next question is predicated on an instruction to the jury that in making its verdict it may consider such mental pain and suffering as Doyle may with reasonable certainty be expected to sustain in the future from his injury.

We do not find warrant in the evidence for this charge and if there was it was not safeguarded by the proper restrictions. Charges not supported by the evidence and facts adduced at the trial are erroneous and should not be given.

The concluding question urged is that the verdict was excessive.

It is contended that the judgment was excessive because Doyle was guilty of contributory negligence, that he did not follow the doctor's instructions, and that no malice being shown on the part of defendant $7,000.00 was an excessive allowance as compensatory damages.

As to whether or not Doyle followed his doctor's instructions the evidence is in conflict but contributory negligence on his part was conclusively proven by the evidence of Miss Pennock and Miss Low and not contradicted by anyone. Doyle testified that he looked both ways when he started to cross the pavements but was not looking either way when he was struck.

For these reasons the judgment must be and is hereby reversed.

Ellis, P. J., and Buford, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., dissents.