215 So.2d 767 (1968)
Joseph BIALKOWICZ and Bella Bialkowicz, His Wife, Appellants,
v.
PAN AMERICAN CONDOMINIUM NO. 3, INC., a Florida Corporation, Moses Hersman and Concrete, Inc., Appellees.
No. 67-1074.
District Court of Appeal of Florida. Third District.
November 12, 1968.
Rehearing Denied December 11, 1968.
*768 Smith & Mandler, Harris J. Buchbinder, Miami Beach, for appellants.
Fuller & Feingold, Miami Beach, for Pan American.
Weinstein, Weissenborn & Burr; Poole & Vogelsang, Miami, for Hersman.
Blackwell, Walker & Gray and James E. Tribble, Miami, for Concrete, Inc.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
The appellants were the plaintiffs below and appeal from a jury verdict in their favor of $3,000. That amount was based on property damage which the jury determined was caused by the acts of the three defendants, all whom were held liable as joint tortfeasors. All of the appellees were defendants below, and have cross-assigned error, contending that they are not liable to the appellant.
The plaintiffs owned a three unit residential building adjacent to the construction site of a condominium apartment being built by the defendant, Pan American Condominium No. 3, Inc. (hereinafter, Pan Am). This defendant had hired the second defendant, Moses Hersman, as its general contractor, and entered into a written agreement with him to that effect. Hersman had subcontracted the job of driving the supporting piles to the third defendant, Concrete, Inc. The construction project began around August, 1964, with the demolition of an existing building and the pile driving operation. It was after this time that the plaintiffs noticed the appearance of large cracks on the interior and exterior walls of their building.
This action was begun in December, 1964, ultimately falling within the jurisdiction of the Circuit Court of Dade County. Extensive pleadings were filed and trial did not commence until after the plaintiffs had filed their Third Amended Complaint. The latter pleading sought recovery against the three defendants for damage to the plaintiffs' building resulting from the negligent manner in which the pile driving on Pan Am's property was performed.
At this point, we feel it is necessary to set forth certain material excerpts from that Third Amended Complaint:
"* * * * * *

*769 "COUNT I
"* * * That sometime during the month of August, 1964, the defendant, PAN AMERICAN CONDOMINIUM NO. 3, INC., through its agents, servants or employees, and/or the defendant, MOSES HERSHMAN [sic], or through such other servants and employees of said defendant corporation and the said defendant, MOSES HERSHMAN [sic], did request permission of the plaintiffs to enter upon their property for the purpose of moving certain construction equipment across same, so that they could have easier access to the construction site. That the plaintiffs did refuse to grant said permission, because the plaintiffs determined that it was impossible for the defendants to move across their property without causing serious damage to the plaintiffs' property.
"* * * That thereupon and shortly after the defendants' request, as hereinabove stated, the plaintiffs left the city for a period of time for a vacation. That the defendants, jointly and severally, did thereupon enter upon the premises of the plaintiffs, and did destroy various and sundry ornamental trees and shrubbery; did tear up a concrete walkway of the plaintiffs', and did cause extensive damage to the plaintiffs' home.
"* * * That the trespasses by the defendants on the plaintiffs' land were made deliberately and in order to enable the defendants to construct a building on the premises adjacent to the plaintiffs [sic], with the least inconvenience to the defendants. That the defendants might have constructed said building by using other means of ingress and egress to the construction site, rather than their coming upon plaintiffs' land with their men and equipment.
"* * * That such acts of the defendants were done willfully [sic], knowingly and without right or pretense.
"WHEREFORE, as a result of the defendants [sic] trespass, the plaintiffs suffered compensatory damages, and are likewise entitled to punitive damages as a result of the willful [sic] and wanton acts of the defendants. Plaintiffs sue the defendant in a sum within the jurisdiction of this Court, and demand trial by jury of all issues triable by jury." [Incorporated in the Third Amended Complaint by reference to the Second Amended Complaint.]
"* * * * * *
"COUNT II

"* * * That the defendant, PAN AMERICAN CONDOMINIUM NO. 3, INC., acting through its agents, servants or employees, and/or the defendant, CONCRETE, INC., acting through its agents, servants or employees, did so negligently and carelessly construct the building adjacent to the plaintiffs' property; and in particular the laying of the foundation for said construction, that during the course of same, and as a result of pile drivings for the foundation, excessive and unnecessary vibrations occurred, thereby causing extensive damage to the plaintiffs' property.
WHEREFORE, plaintiffs sue the defendants, PAN AMERICAN CONDOMINIUM NO. 3, INC. and CONCRETE, INC., for the damages caused to their property as a result of the negligence of the said defendants, in a sum not exceeding the jurisdiction of this Court, and demand trial by jury of all issues triable by a jury." [Incorporated in the Third Amended Complaint by reference to the Second Amended Complaint.]
"* * * * * *
"COUNT III

"* * * That as a result of the actions of the defendant, CONCRETE, INC., as aforesaid, [negligently installing the support piles] the plaintiffs' property sustained severe damage in that *770 the foundation of the building was seriously affected, resulting in a `slippage' of the building; that large cracks in the walls and roof of the plaintiffs' building occurred; that the ceiling of plaintiffs' building was considerably weakened and damaged; and that all of said damages are within the jurisdiction of this Court.
"* * * WHEREFORE, plaintiffs sue the defendant, CONCRETE, INC., in a sum not exceeding the jurisdiction of this Court, and demand trial by jury. * * *"
During the course of the trial, the plaintiffs attempted to introduce testimony and evidence relating to the physical discomfort that they experienced, including a heart attack suffered by Joseph Bialkowicz ostensibly as a result of his concern with the continuing acts of the defendants. The court disallowed any such testimony relating to these matters, and the record discloses its reasons for such denial thusly:
"THE COURT: Just a second. I have heard about all the argument I need, and I am going to make a ruling.
"The motion for mistrial is denied. Also, the court is ruling irrelevant the inconvenience. It is not plead, to begin with, nor is there anything in the pleadings to indicate that it might be claimed.
"The court will instruct the jury to disregard the entire statement concerning the inconvenience, heart attack, and everything else; and will instruct the jury that that is not part of the damages."
* * * * * *
"THE COURT: Gentlemen of the Jury, the court instructs you to disregard the last statement of the witness concerning inconvenience and anything about a heart attack.
"Those matters are not the subject of this law suit, and you are instructed they are not recoverable and the damages will be limited to the property damage here." (R. 1098-1099.)
The jury assessed plaintiffs' damages at $3,000. The plaintiffs have appealed and contend that it was error for the court to disallow proof of damages other than those which were actually done to the plaintiffs' property. Rather, plaintiffs assert that, notwithstanding the general prayer for relief contained in the Third Amended Complaint, they are entitled to recover for discomfort and inconvenience resulting from the defendants' negligence. The basic rule upon which we base our decision as to the correctness of the trial court's foregoing ruling is as follows: If special damages are not specially plead, then evidence of them is inadmissible. Florida Rules of Civil Procedure, § 1.120(g), 30 F.S.A.; Postal Telegraph & Cable Company v. Doyle, 123 Fla. 695, 167 So. 358; Ephrem v. Phillips, Fla.App. 1958, 99 So.2d 257. Thus, our next inquiry is: Whether the damages plaintiffs were attempting to prove are special or general?
Specifically, the damages which plaintiffs were precluded from proving cover the bodily suffering and physical inconvenience they allegedly suffered as a result of the defendants' negligence. Plaintiffs' primary grievance concerns the heart attack, mentioned earlier, which Joseph Bialkowicz experienced, and which was purportedly caused by the disturbing noise and the many frustrating encounters with the various defendants. While we certainly agree that such injury may result from the activities that were going on, we cannot say that such injury is that type as may reasonably be expected to follow the negligent act of another. As to this point, it is our view that damages of this sort do not naturally and ordinarily result from a trespass and/or a negligent installation of supporting piles. These damages are special; their very character requires that opposing counsel be apprised of their existence in order to be prepared at trial.
Moreover, our search of the record shows absolutely no indication as to elements of suffering or inconvenience having been asserted until the plaintiff, Bella *771 Bialkowicz, testified at trial. The pretrial conference did not deal with these matters; the pretrial order did not cover them; the requested jury instructions, both those accepted and rejected, were silent as to those damages. Further, the Third Amended Complaint, supra, specifically prayed for damages to property caused by trespass and negligent pile driving. We thus hold that the trial judge ruled correctly in deciding that evidence of suffering and inconvenience was inadmissible.
Appellant has called our attention to the case of A & P Food Stores, Inc. v. Kornstein, Fla.App. 1960, 121 So.2d 701, and contends that the principle there should control this decision. That case was brought as a nuisance action; the relief requested there included a restraining order against certain noisy operations of the defendant supermarket, plus damages for the plaintiffs' inconveniences during the tenure of the nuisance. We held that:
"Since every complaint is considered to pray for general relief, we conclude that damage for loss of use (of plaintiffs' property) are such as would reasonably be expected to flow from the alleged actions of the appellant." Id. at 705.
However, we feel that there is a meritorious distinction between the latter case and the case sub judice. In A & P, the very reason for the plaintiffs' prayer for injunction was to protect his beneficial enjoyment of his property. A nuisance suit is the classic cause of action designed to abate such interferences. The natural flow of damages resulting from the nuisance could reasonably have been expected to include inconvenience experienced by the plaintiff and interferences with his use of the property. See 23 Fla.Jur., Nuisances § 12. Here, however, the plaintiffs requested compensation for physical injury to their building, basing their cause of action on trespass and/or negligence. They were silent at all stages of the pleadings as to the element of personal inconvenience. Under these facts, we therefore hold that the A & P case is not controlling here, and the element of inconvenience should have been specially pleaded.
We now focus attention on the cross assignment of error brought by all the defendants. Their contentions go to this single issue: When negligent installation of supporting piles has been established by the jury, who shall be liable for the consequences? At bar, we are faced with three classes of defendants commonly charged with liability for such negligent acts, i.e., the owner, the general contractor, and the subcontractor. We affirm that all of these parties are liable as joint tortfeasors.
Concrete, Inc., the subcontractor, actually performed the negligent acts complained of. It urges that it cannot be liable for the consequences by virtue of the fact that it was only following the orders of its chief consulting engineer. This argument is totally without merit, as it ignores the fact that the jury, having been presented sufficient and competent evidence, was entitled to find against this defendant on the essential questions of negligence and causation. See Dock and Marine Construction Corp. v. Parrino, Fla. App. 1968, 211 So.2d 57.
Moses Hersman urges that the trial court erred when it held him as a joint tortfeasor, contending that his status as an independent contractor precluded him from liability for the acts commissioned by the owner and carried out by the sub-contractor. In addition Hersman also is attempting to escape liability because of the fact that he never actually signed a contract with the sub-contractor, Concrete, Inc. We cannot accept either of these grounds. It should be noted here that the City of Miami Beach Building Permit was issued to Hersman in his capacity as general contractor. The duty of care, with respect to the property of others, imposed by a city building permit upon a general contractor cannot be delegated to an independent sub-contractor. Rather, the law implies that both of these parties were to use a degree *772 of skill adequate to the competent performance of this operation. Musselman Steel Fabricators, Inc. v. Channell, Fla. App. 1968, 208 So.2d 639; Mastrandrea v. J. Mann, Inc., Fla.App. 1961, 128 So.2d 146; Mills v. Krauss, Fla.App. 1959, 114 So.2d 817. Further, the fact that Hersman did not specifically sign a contract with Concrete, Inc. does not mitigate the non-delegable duty which Hersman, as the general contractor, has assumed.
Finally, as to the liability of the owner, Pan Am, we note at the outset that it employed Hersman in such a manner as to bestow upon Hersman the capacity of an independent contractor. All applicable legal tests of the relationship between these two parties call for this conclusion. City of Mount Dora v. Voorhees, Fla.App. 1959, 115 So.2d 586; 17 Fla.Jur., Independent Contractors, § 4, and cases cited therein. The general rule is that an employer is not liable for negligent acts of an independent contractor. (The act here would be failure to properly oversee the installation of the support piles.) See Gulf Refining Co. v. Wikinson, 94 Fla. 664, 114 So. 503; 17 Fla.Jur., Independent Contractors, § 5. However, this rule is qualified by several exceptions, one of which is applicable here. That exception may be stated as: When the nature of the work done by an independent contractor is inherently dangerous, then the duty of care in its performance is non-delegable by the employer. Ross v. Heitner, Fla.App. 1963, 156 So.2d 869; Easton v. Weir, Fla.App. 1960, 125 So.2d 115. Yet, there is a qualification even to this particular exception, which, if not raised here, might cause confusion later. This "exception to the exception" is based on Slavin v. Kay, Fla. 1958, 108 So.2d 462, and cases based thereon, and may be stated as: An owner is not liable for injuries caused by a defective condition for which an independent contractor is responsible, when such condition was not discoverable after a reasonable inspection. This rule, however, does not apply here. The instant facts show the negligent performance of a job whose nature is inherently dangerous. There is no permanent condition for the owner to discover; rather, as the work progresses, the damage is done and over with, and the injured party must look for those responsible. We think that the policy of the law is best served by making the owner jointly liable for the injuries thus incurred by these plaintiffs. See Peairs v. Florida Publishing Company, Fla.App. 1961, 132 So.2d 561, wherein Chief Judge Donald Carroll has written a scholarly opinion tracing the development of, and the rationale behind this body of law. Therefore, it is our conclusion, and we so hold, that the task of installing the supporting piles is one which falls within the category of "inherently dangerous activities." Thus, Pan Am, in its status as employer of the general contractor, Hersman, could not delegate the duty to use reasonable care as to this phase of the operation, and is liable as a joint tortfeasor.
We have examined the other points raised on appeal by the appellants and conclude that they are without merit.
Based on the foregoing grounds, we affirm the judgment being appealed.
Affirmed.