PEARSON, Chief Judge.
These appeals are from the same summary final judgment. They were consolidated for all appellate purposes by order of this court. The appellants are Franklin Gruver individually and Franklin Gruver, for the use and benefit of the Reliable Insurance Company. The appellee is Robert W. Green who was the defendant below. Each appellant urges that the summary *774 judgment was improperly entered because there were genuine issues of material facts as to the negligence alleged and the issues raised in the defendant’s answers to the complaint.
The actions brought in the trial court sought recovery on behalf of Gruver because of the alleged negligence of appellee Green. The negligence alleged was that Green who owned a grading machine which was being operated by one* Peacock under Green’s direction was caused to collide with a truck driven by the appellant, Gruver. Gruver sustained personal injuries and received workman's compensation benefits from appellant, Reliable Insurance Company. Reliable was the workman’s compensation insurer for A1 Landers Dump Trucks, Inc. (not a party to this litigation).
The history of this case is lengthy and need not be set forth here except to note that there is in issue the validity of a release of liability given by Gruver to an insurance carrier for appellee Green. It is admitted that this is a triable issue unless it appears from the facts of the case that there is no issue as to the claimed liability of Green for the injury to Gruver.
The complaint alleges the liability of Green upon these bases: (1) Peacock, the operator of the grader, was the servant of Green; therefore Peacock’s negligence was Green’s negligence; (2) Peacock was an incompetent operator who was entrusted by Green with the operation of the grader when Green knew of Peacock’s incompetency; (3) the grader was mechanically defective in that the brake was not working and Green knew of this defect both when he leased the grader to Doral Country Club and when he entrusted the machine to Peacock. The accident occurred on the premises of the Doral Country Club when the grader ran out of control down the side of a bunker on the golf course. Peacock leaped from the machine without stopping it and it collided with the truck that Gruver was driving. Gruver, Peacock and Green were all employed by Doral Country Club. The liability of Doral is not a question for determination on this appeal.
At the hearing on the motion for summary judgment, Green’s position was presented simply as follows: First, that for purposes of the argument the question of the release was not to be considered. For purposes of the argument, Green was willing to admit that the release was ■sought and the money thereunder was paid in the mistaken belief that Peacock was his employee. Second, that summary judgment was properly granted on the grounds that it was uncontroverted fact that Peacock was employed by Doral and was driving a grader which was leased to the Doral on private property belonging to Doral, and as a matter of law since this accident occurred while an employee of Doral was operating a piece of road building machinery, not a dangerous instrumentality, which was leased to the Doral and under the control and possession of the Doral through its employee and since all of this occurred on the private property of the Doral, that only Doral or its employee, Peacock, could be liable.
It appears from the depositions and affidavits that Green’s relationship with Doral is not without question. He considered himself only an employee of Doral but he was employed to do a job in which he was using his own grader which he leased to Doral. He was using, or to some degree directing, another Doral employee, Peacock, as the operator of the grader. In addition, the responsibility for instructing, training and certifying the ability of the operator was assumed or delegated to Green.
In support of their position, that Green was the actual employer, the appellants rely upon the “borrowed servant doctrine.” See Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358 (1936). We do not hold that this doctrine is necessarily applicable to the situation that the trial court had before it. We do hold that it does not conclusively appear without *775 genuine issue that Green was not Peacock’s employer on the day of the accident. In reaching this conclusion, we have followed the rule that summary judgment is not a trial by affidavit or deposition and that the facts presented must be viewed in the light most favorable to the party moved against. See Weinstein v. General Accident Fire & Life Assurance Company, Fla.App.1962, 141 So.2d 318.
There are issues to be tried as to the negligency of Green which would be grounds for holding him responsible for
the injury to Gruver even if he should be found to be free of responsibility as Peacock’s employer. These are the factual issues developed as to the cntrustment of the machine to an operator known to be incompetent to operate it and as to the mechanical fitness of the machine for operation. The summary judgment is reversed with directions to proceed with the Cause in accordance with the other rules of civil procedure.
Reversed and remanded.