ORFINGER, M., Senior Judge.
Joyce Davis, as the personal representative of the estate of her husband Maurice Davis, appeals a final summary judgment in favor of Irwin Appraisal & Consulting Services, Inc. (Irwin).
On April 19, 1986, Davis, an employee of Ram Construction Company, was killed at the job site when the jib of a crane snapped and fell on him. The crane was owned by Irwin and through various leases, leased to A-l Trucking & Rigging, Inc. (A-l). The trial court entered summary judgment in favor of Irwin upon a holding that Irwin “is immune from liability under the workers compensation statute where the ultimate lessee of the crane is immune from suit under the workers compensation statute.”
Cedarwood Construction, Inc. (Cedarwood), the general contractor, had workers compensation coverage. There is evidence in the record that A-l leased the crane in question to Cedarwood and appel-lee argues that Cedarwood’s workers compensation immunity extends to Irwin, the owner of the crane. If, in fact, the crane was so leased, Cedarwood’s immunity would extend to Irwin, and the trial court’s ruling would be correct. Scott & Jobalia Construction Company, Inc. v. Halifax Paving, Inc., 538 So.2d 76 (Fla. 5th DCA 1989), affirmed, 565 So.2d 1346 (Fla.1990).
However, there is also evidence in the record to indicate that Cedarwood entered into a later subcontract agreement with A-1 by which A-l agreed to furnish “all supervision, labor, materials, tools, equipment, miscellaneous job supplies and permits necessary for the performance and completion of the work ...” and if A-l was a subcontractor and not a lessor, then A-l would not be immune from liability for injuries to Davis, an employee of subcontractor Ram,[1] and thus neither would Irwin.
Because there is an issue of fact as to the relationship between A-l and Cedarwood, the summary judgment was improvidently entered. The judgment is reversed *350 and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COWART and HARRIS, JJ., concur.

. Section 440.10, Fla.Stat. (1985); Employers Insurance of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983). Cf. Theisen v. Simmons, 419 So.2d 662 (Fla. 5th DCA 1982).