638 So.2d 146 (1994)
Eric David LUND, Appellant,
v.
GENERAL CRANE, INC., Appellee.
No. 93-1221.
District Court of Appeal of Florida, Fourth District.
June 8, 1994.
Jeff Tomberg of Tomberg & Spall, P.A., Boynton Beach, for appellant.
James N. Hurley of Hayden and Milliken, P.A., Miami, for appellee.
*147 PER CURIAM.
We reverse the final summary judgment rendered in favor of appellee and remand for further proceedings. The trial court's reliance on Halifax Paving, Inc. v. Scott & Jobalia Construction Co., 565 So.2d 1346 (Fla. 1990), is misplaced, as there are remaining genuine issues of material fact to be resolved by a fact-finder.
In Halifax, the court held that the record supported the jury finding that the crane operator in that case was a borrowed servant. Id. at 1347. Even in Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358 (1936), aff'd, 128 Fla. 707, 175 So. 515 (1937), the case which seems to have developed the borrowed servant doctrine, the court held that the record supported a jury finding. Id. at 360. The courts in those cases were reviewing findings of fact by a jury, a much different standard of review than when an appellate court reviews a summary judgment.
Smith v. Greg's Crane Service, Inc., 576 So.2d 814 (Fla. 4th DCA 1991), is actually more analogous jurisprudentially to the situation in the instant case than Halifax, although Halifax is factually more similar. In Smith, this court reversed a trial court's summary judgment against an injured employee, where the trial court found as a matter of law that the employee was a borrowed servant. Id. at 815. This court said that the summary judgment was improper because of the presumption of continued employment with the general employer. Id. at 816. A party alleging special employment, as appellee in the instant case, has a substantial burden to overcome that presumption in a negligence action against a separate employer. Id. at 818.
Another problem with the decision in the instant case is that the trial court made a finding of fact based on one factor delineated from case law  control. However, control is not the only factor in determining whether an employee is a borrowed servant. Hamilton v. Shell Oil Co., 215 So.2d 21 (Fla. 4th DCA 1968). The supreme court reiterated this point in Halifax, which noted that whether a worker was a borrowed servant would be determined by the definition outlined in Shelby Mutual Insurance Co. v. Aetna Insurance Co., 246 So.2d 98, 101 (Fla. 1971). In Shelby, the court stated three factors for determining an employer-employee relationship: (1) an express or implied contract; (2) whether the work being done benefited the alleged special employer; and (3) the control exercised by the alleged special employer at the time of the accident. Id. at 101 n. 5, quoting Hamilton. The first factor, whether a contract for hire existed, is the most important factor. Id.[1]
Language in Halifax, 565 So.2d 1346, suggests that the record in that case supported a finding of a contract for hire between the crane operator and the special employer. In Halifax, respondent affirmatively borrowed the crane and operator from petitioner. Respondent had borrowed the crane from petitioner for other jobs on previous occasions. Scott & Jobalia Constr. Co. v. Halifax Paving, Inc., 538 So.2d 76 (Fla. 5th DCA 1989), approved, 565 So.2d 1346 (Fla. 1990). The parties apparently had a working relationship.
In the instant case, there is little or no evidence concerning the relationship between appellant and the owner of the crane. According to appellant, the crane was provided by Davco. Prior to arriving at appellant's worksite, the crane worked on other sites within the project. The presence of a definite arrangement between the general and special employers, and the employee's knowledge thereof, is crucial to determining whether an employee is a borrowed servant. Pepperidge Farm, Inc. v. Booher, 446 So.2d 1132 (Fla. 4th DCA 1984), approved, 468 So.2d 985 (Fla. 1985).
*148 Appellee has the burden of demonstrating "a clear and definite arrangement between the employers and with [the alleged borrowed servant's] knowledge." Smith, 576 So.2d at 819. Appellee has not demonstrated such. It has not met its burden, therefore summary judgment was improper in the instant case, even in light of the supreme court's decision in Halifax, 565 So.2d 1346. Smith, 576 So.2d 814; see also Davis v. Irwin Appraisal & Consulting Services, 585 So.2d 348 (Fla. 5th DCA 1991).
GLICKSTEIN, WARNER and POLEN, JJ., concur.
NOTES
[1] Appellee attempts to distinguish Shelby Mutual and other cases cited by appellant on the grounds that those cases dealt with workers compensation benefits and the loss of rights incurred by a borrowed servant. However, the supreme court in Halifax specifically referred to language in Shelby Mutual that required a contract for there to be an employment relationship. Appellee is therefore incorrect when it says that the court in Halifax did not "even mention ... a requirement of expressed or implied contract for hire."