PER CURIAM.
Holly Marie Vasquez, plaintiff below, appeals the final judgment rendered in favor of employee leasing company, United Enterprises of Southwest Florida, Inc., d/b/a Fidelity United. On the following analysis, we affirm.
Vasquez and her sister were injured in an automobile accident. The other vehicle in the collision was leased by Ramon Rodriguez, owner of several Rey Pizza Restaurants, for use by Gladys Diaz, manager of two of the restaurants. Vasquez sued Diaz, the two restaurants, and Fidelity United, the employee leasing company from which Rodriguez “leased” Diaz. Prior to trial, Vasquez settled with Diaz and the restaurants. The case was tried against Fidelity United in a bifurcated proceeding. Fidelity United admitted that Diaz was negligent in the operation of the vehicle but maintained that Diaz was its employee, “only in accordance with the terms of the client services agreements. Under that lease agreement, Fidelity United does not retain control or the right to control any leased employee.”
Fidelity United specifically denied that it was involved in any way with “the assignment of tasks to Diaz by its client, who reserved and exercised the exclusive right of supervision and control of Diaz within the scope of her employment in the client’s business operations.” Thus, Fidelity United maintained, it could not be held responsible for Diaz’s negligence. Fidelity United filed a motion for summary judgment, which was denied. Vasquez and Fidelity United filed motions for directed verdict. Rulings were reserved, and the liability issue was put to the jury on an agreed instruction, outlining the law of agency, the borrowed servant doctrine, and the law applicable to joint employers. The jury returned a verdict for Fidelity United, concluding that the employee leasing company was not responsible for Diaz’s negligence. Judgment was entered in Fidelity United’s favor and Vasquez’s post trial motions for directed verdict or new trial were denied.
Vasquez’s position below and again before this court is that respondeat superi- or liability must control, despite the uncon-troverted proof that Fidelity United was in the business of leasing employees, and exercised no actual control over Diaz’s activities. Thus, according to Vasquez, employment equates with liability. We disagree.
It is a fundamental rule that the respondeat superior doctrine applies only when the alleged master has the ability and authority to direct and control the pertinent acts of the employee. See Vari *761 ety Children’s Hospital, Inc. v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980)(citing Mumby v. Bowden, 25 Fla. 454, 6 So. 453 (1889)). As stated in Mumby:
The liability of the master to answer for the conduct of his servant [in case of injury done by the servant while in the exercise of his employment] * * * is founded on the superintendence and control which the master is supposed to exercise over his servant.
Mumby, 6 So. at 454 (Citations omitted.)
Absent control, there is no vicarious liability for the act of another, even for an employee. Florida courts do not use the label “employer” to impose strict liability under a theory of respondeat superior but instead look to the employer’s control or right of control over the employee at the time of the negligent act. See Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358 (1936)(observing that under borrowed servant rule, one who borrows and exercises control over the servant or worker of another in effect assumes all liability for the activities of the borrowed servant or worker). Here, Fidelity United is an employee leasing company. Its clients out source payroll and other administrative, personnel-related functions to it. Fidelity United relieves its clients of most of their administrative burdens but does not supervise employees or control their day-to-day activities.
Rodriguez said that he had never given up the right to run his business, the right to hire the managers that he wanted to hire, the right to hire the employees that he wanted to work for him, or the right to control what his employees did, when they did it, and how they did it. Considering this lack of control by Fidelity Union, there was no error in the final judgment finding no liability.
Accordingly, the order under review is affirmed.