861 So.2d 1246 (2003)
Ed ROST, Appellant,
v.
Marvin BOWLING, Appellee.
No. 2D03-271.
District Court of Appeal of Florida, Second District.
December 12, 2003.
*1247 Richard G. Groff of Dye, Deitrich, Prather, Petruff & St. Paul, P.L., Bradenton, for Appellant.
Stanley R. Swartz of Law Office of Stanley R. Swartz, Bradenton, for Appellee.
SILBERMAN, Judge.
Ed Rost, the landlord, appeals a final judgment awarding damages to Marvin Bowling, the tenant, for wrongful eviction. Because the evidence does not support the award of damages to the tenant for the loss of his business, we reverse the final judgment in part. We affirm the trial court's conclusion that the tenant owes to the landlord $4400 in unpaid rent.
In June 1998 the tenant rented commercial property from the landlord and operated an automotive repair business on the leased premises. In November 1998, after the tenant fell behind in paying rent, the landlord barred the tenant from the premises without notice or initiating eviction proceedings. The tenant filed suit and asserted several causes of action against the landlord, and the landlord responded with a counterclaim. The parties stipulated to the dismissal of several of the claims, and they proceeded to a nonjury trial on the tenant's claims for wrongful eviction and conversion and the landlord's counterclaim for unpaid rent.
The evidence reflects that the landlord barred the tenant from the premises. After about two weeks, he allowed the tenant to enter the premises to remove some tools and equipment. The tenant acknowledged that he removed certain items, but the landlord did not permit him to remove items that the landlord believed were owned by another person. The landlord testified that John Fedora, the tenant's purported business partner, removed items that Fedora claimed as his own property. There was also testimony that some items were missing from the leased premises, and the trial court noted that the evidence was in conflict "as to ownership and value of the alleged missing items." The trial court also stated that the tenant was unable to conduct an automotive repair business without his tools and equipment.
The trial court found that the tenant owed the landlord $4400 in unpaid rent; that as a result of the unlawful lockout by the landlord, the tenant "lost the ability to conduct an automotive repair business"; and that the tenant's business was worth $50,000. Significantly, however, the trial court concluded that the tenant did not prove his claims for conversion or punitive damages. The trial court entered a final judgment in favor of the tenant in the net amount of $45,600.
The landlord argues that the evidence does not support the trial court's conclusion that the tenant lost the ability to conduct his business as a result of the wrongful eviction and, therefore, that the trial court erred in awarding to the tenant the value of the business. Additionally, the landlord argues that the value of the tenant's business was not the proper measure of damages to be awarded for the wrongful eviction. Based on the evidence that was presented, we agree that the award to the tenant must be reversed.
In a claim for wrongful eviction, a tenant may recover general damages consisting of the difference between the market value of the leasehold and the rent payable, as well as lost profits that can be determined with a reasonable degree of certainty. Ardell v. Milner, 166 So.2d 714, 716 (Fla. 3 DCA 1964); Young v. Cobbs, 83 So.2d 417, 419 (Fla.1955). In addition, a tenant may be able to recover damages *1248 "for losses that are the natural, direct, and necessary consequences of the breach when they are capable of being estimated by reliable data, and are such as should reasonably have been contemplated by the parties." Moses v. Autuono, 56 Fla. 499, 47 So. 925, 927 (1908) (involving a claim against the landlord for damages for breach of a contract to lease land and tenements). Although Moses did not involve a wrongful eviction, plaintiffs in wrongful eviction actions have been permitted to recover special damages such as the cost of improvements to the leased property or the cost of renting substitute property. See Young, 83 So.2d at 419; Iglesia Bautista De "Renovacion Cristiana" v. Tamiami Baptist Church of Miami, Inc., 678 So.2d 1, 2 (Fla. 3d DCA 1996).
Here, the tenant acknowledged that he located another building where he could conduct his business. However, he asserted that he lost the ability to conduct his business at any location because the landlord converted his tools and equipment and wrongfully evicted him by locking him out of the leased premises. The trial court specifically rejected the tenant's conversion claim, and that determination has not been challenged on appeal. Therefore, in order to affirm the award of damages, the record would have to demonstrate that the tenant's loss of his ability to conduct an automotive repair business was a natural, direct, and necessary consequence of the landlord's locking him out of the leased premises and denying him access to his tools and equipment for two weeks. See Moses, 47 So. at 927.
The key to the tenant's claim that he could not conduct his business elsewhere was the conversion claim, which he lost. The tenant did not otherwise present evidence that the landlord's conduct resulted in the total destruction of his business. The record further reflects that the tenant only sought to prove the value of his business, and he did not present evidence of other potentially recoverable damages such as lost profits, the difference between the market value of the leasehold and the rent, the cost of renting substitute property, or the cost and feasibility of obtaining replacement tools and equipment due to the lockout.
Accordingly, we reverse the final judgment and the award of damages to the tenant.[1] Because the parties do not challenge the trial court's finding that the tenant owes $4400 in unpaid rent to the landlord, we affirm that finding and remand for entry of a final judgment in favor of the landlord in the amount of $4400.
Affirmed in part, reversed in part, and remanded.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] We note that because the tenant sought recovery for the entire value of his business and did not present evidence of other potentially recoverable damages, we are unable to remand this matter for the trial court to reconsider the award of damages or for entry of a reduced judgment in favor of the tenant.