946 So.2d 90 (2006)
LAND TITLE OF CENTRAL FLORIDA, LLC, Appellant,
v.
Arely JIMENEZ, et al., Appellee.
No. 5D05-3958.
District Court of Appeal of Florida, Fifth District.
December 29, 2006.
*92 Teresa N. Phillips, David J. Kohs, and Eric Boughman of Pohl & Short, P.A., Winter Park, for Appellant.
Ronald M. Hand, of Ronald M. Hand, P.A., Kissimmee, for Appellee.
MONACO, J.
By this appeal the appellant, Land Title of Central Florida, L.L.C., contests the various components of the damages awarded to the appellee, Arely Jimenez, by the trial court. The damages arise out of the negligent preparation by Land Title as closing agent of a deed running to Ms. Jimenez containing a property description for the wrong piece of property. We affirm in all respects save two. First, we conclude that the damages for a mineral rights reservation that encumbered the property, but which was not discovered by Ms. Jimenez until after a properly prepared deed was executed and delivered to her, should not have been awarded. Second, we can find no basis for an award of attorneys' fees.
The underlying facts are not contested. Ms. Jimenez and the sellers executed an agreement for the sale and purchase of a home and acreage listed as 6050 Hickory Tree Road in St. Cloud, Florida. No legal description was provided in the contract. Land Title was employed to prepare the closing documents, including a warranty deed and mortgage encumbering the property. Unfortunately, Land Title prepared a deed and a mortgage covering a different piece of property that was also owned by the sellers.
About three months after the closing Land Title delivered copies of the closing documents to Ms. Jimenez, and she made application for a homestead exemption on the property that she thought she had purchased. When she applied for the exemption, she was advised that the property was not yet in her name. In addition, when she tried to refinance her mortgage at a lower rate, she had to abandon the effort because she did not own the property.
Ms. Jimenez contacted Land Title and was told that the matter would be corrected expeditiously. It was not, and Ms. Jimenez eventually hired an attorney. After making additional unsuccessful demands to fix the problem, she brought suit. In fact, it took Land Title about two years to finally correct its errors. When it did so, Ms. Jimenez discovered that the property that she had purchased was subject to a mineral rights reservation. She sold the property during the pendency of the suit for a substantial profit, but in her view was compelled to reduce the sale price by $5,000 because of the reservation. In addition, she spent $550 for an attorney to handle that matter.
The parties proceeded to trial, Ms. Jimenez prevailed, and she was awarded damages in accordance with a number of her claims. Although we find no error in the award of most of the damages, we conclude under the facts of this case that the award of damages for the mineral rights reservation and for the cost of the attorney hired to deal with it was improper.
While the complaint filed by Ms. Jimenez sought general damages, it did not seek special damages resulting from the mineral rights reservation. If special damages are claimed, they must be "specifically *93 stated" in the appropriate pleading. See Fla. R. Civ. P. 1.120(g). A portion of the Authors' Comment to rule 1.120 states in this connection:
The circumstances justifying a claim for special damages should be disclosed in the pleadings. Such special damages must be specifically pleaded, if evidence concerning them is to be admissible.
See also Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358 (1936). Special damages are those that do not necessarily result from the wrong or breach of contract complained of, or which the law does not imply as a result of that injury, even though they might naturally and proximately result from the injury. See Bialkowicz v. Pan Am. Condo. No. 3, Inc., 215 So.2d 767, 770 (Fla. 3d DCA 1968); see also 17 Fla. Jur.2d Damages § 8. More succinctly, special damages are damages that do not follow by implication of law merely upon proof of the breach. See DeMello v. Buckman, 916 So.2d 882 (Fla. 4th DCA 2005). General damages, on the other hand, are damages that the law presumes actually and necessarily result from the alleged wrong or breach. See Augustine v. S. Bell Tel. & Tel. Co., 91 So.2d 320, 323 (Fla.1956).
The purpose of the special damages rule is to prevent surprise at trial. See Fla. R. Civ. P. 1.120(g); Bialkowicz, 215 So.2d at 770. Special damages must, therefore, be particularly specified in a complaint in order to apprise the opposing party of the nature of the special damages claimed. If special damages are not specifically pled, then evidence of them is inadmissible. See Precision Tune Auto Care, Inc. v. Radcliffe, 804 So.2d 1287 (Fla. 4th DCA 2002). More importantly for purposes of the present case, damages may not be awarded on a claim that is not contained within the pleadings. See DeMello; Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231 (Fla. 1st DCA 1995).
Here, Land Title undertook to supervise the closing, and was obligated to do so in a reasonably prudent manner. See Fla. S. Abstract & Title Co. v. Bjellos, 346 So.2d 635 (Fla. 2d DCA 1977). General damages would in this instance stem from either actual knowledge by Land Title that the type of harm complained of has resulted in the past from similar negligent conduct, or the harm has so frequently resulted from the same type of negligence that "in a field of human experience" the same type of result could be expected again. In other words, a foreseeable consequence is one that a prudent person would anticipate as likely to result from an act. Foreseeable consequences, however, are not "what might possibly occur." See Dolan Title & Guar. Corp. v. Hartford Accident & Indem. Co., 395 So.2d 296, 299 (Fla. 5th DCA 1981). Nor is the mere knowledge by the defense of the claimed damages sufficient to excuse the pleading requirement. Lack of surprise will not authorize the admission of evidence of special damages that have not been specifically pleaded. See, e.g., Alderman v. Murphy, 486 So.2d 1334, 1338 (Fla. 4th DCA 1986).
In considering the nature of special damages it might be helpful to explore the injuries claimed in several cases where the subject was discussed. In Alderman, for example, the loss of a farm by the plaintiff resulting from the loss of livestock because of the obstruction of water to the farm was determined to fall within the special damages category. In Bialkowicz, the appellate court held that the plaintiff, who was seeking damages because he purportedly suffered physical inconvenience and bodily injury (a heart attack) as a result of pile driving and construction by the defendant on an adjacent property, was seeking special damages that were required to be *94 pled. Likewise, in Rost v. Bowling, 861 So.2d 1246 (Fla. 2d DCA 2003), our sister court in the Second District pointed out that in wrongful eviction actions plaintiffs have been permitted to recover as special damages such expenses as the cost of improvements to the leased property or the cost of renting substitute property.
Here, Land Title negligently drafted closing documents containing an incorrect legal description. The fact that the title to the land that should have been described in the deed contained a mineral rights reservation that might necessitate a cure is not something that the law would reasonably expect to result from the negligence. That is, the damages do not follow by implication of law simply by proof of the wrong. These losses are special and required that the opposing party be apprised of the damage claim in the pleadings.[1] Thus, it was error for the trial court to award such damages.
The second error that we find concerns an award of attorneys' fees against Land Title and in favor of Ms. Jimenez. The claim for attorneys' fees for the entire claim was pled generally, rather than specifically, and we are unable to discern the basis for the award. There appears to be no statute, contract or other applicable doctrine that gives Ms. Jimenez the right to recover her attorneys' fees. Accordingly, we reverse the award in that regard.
Accordingly, we affirm the final judgment except with respect to the award of damages for the mineral rights reservation and except for the award of attorneys' fees. We remand for entry of an order consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] Although not required because of our ruling, we have serious doubts that the claimed damages for the mineral rights reservation could have been recovered at all in the present case. When Ms. Jimenez finally got a correct deed with accurate title work and the reservation was revealed, she was in the same position to rescind the transaction vis-à-vis the sellers as she would have been if the deed and title work had been initially correct. That is, the problem presented by the mineral rights reservation was not caused by Land Title. She did perhaps lose an opportunity to attempt to renegotiate the purchase price from the original seller, but whether she would have been successful in that regard is purely speculative. She chose not to rescind, of course, because she made a substantial profit on the resale of the property. That she reduced the purchase price in order to accommodate her buyer's demand does not necessarily reflect any damages that she might have suffered as a result of the original negligently prepared documents.