CIKLIN, C.J.
JP Morgan Chase Bank National Association, as Trustee for Bear Stearns Alt A 2005-5 (“Chase”), appeals from a final judgment in favor of Colletti Investments, LLC (“Colletti”) following a non-jury trial in a contract case. Chase raises numerous issues on appeal, including that the trial court erred in determining Colletti was entitled to recover on a claim for restitution and in awarding Colletti unpled special damages. We disagree with Chase’s contention that Colletti was not entitled to restitution, but find merit in Chase’s argument regarding special damages. Because special damages were not pled, we reverse that portion of the final judgment.
This matter involves a mortgage on a condominium originally held by Chase. After Chase initiated foreclosure proceed *397 ings on the condominium,- Colletti attempted to purchase an assignment of the mortgage from Chase. In the proceedings below, Colletti contended that it entered into an oral contract with Chase’s lawyer, the Law Offices of David' J. Stern, P.A., to pay Chase $165,714.48 in exchange for an assignment of the mortgage and Chase’s position as plaintiff in a foreclosure action on the subject property. Chase, on the other hand, contends that it received payment from Colletti for only a release of the mortgage.[1] The trial court eventually entered judgment in favor of Colletti, finding that Colletti’s payment was made to Chase in exchange for an assignment of Chase’s interest in the note, mortgage, and pending foreclosure. The trial court concluded that Colletti was entitled to judgment on a number of alternative contractual and quasi-contractual theories, one of which sounded in restitution. It awarded general damages in the amount of $205,000 and $86,970.98 in special damages.
On appeal, Chase first argues that Col-letti failed to properly plead a claim -for restitution or a contract implied in law, and even if it had, the evidence did not support judgment in Colletti’s favor on such a claim. Colletti argues that it pled a valid restitution claim and its claim was supported by the evidence. We agree with Colletti.
“Whether the allegations of a complaint are sufficient to state a cause of action is a question of law” subject to de novo review. K.M., ex rel. D.M. v. Publix Super Markets, Inc., 895 So.2d 1114, 1116 (Fla. 4th DCA 2005). “To the extent the trial court’s order is based on factual findings,” the standard of review is abuse of discretion. Verneret v. Foreclosure Advisors, LLC, 45 So.3d 889, 891 (Fla. 3d DCA 2010) (citation omitted).
Restitution and its relationship to the theories of contract implied by law and unjust enrichment have been summarized by the First District in Sun Coast International Inc. v. Department of Business Regulation, Division of Florida Land Sales, Condominiums & Mobile Homes, 596 So.2d 1118 (Fla. 1st DCA 1992), as follows:
“Restitution” is defined as the “[a]ct of restoring; restoration; restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage or injury; and indemnification.” Black’s Law Dictionary 1313 (6th ed.1990). The primary purpose of restitution is to restore the plaintiff to the position in which he or she was before the defendant received the benefit which gave rise to the obligation to restore; hence the plaintiff is entitled to recover that which he or she parted with, or that which the defendant has received. 11 Fla. Jur. 2d Contracts § 246, at 548-49 (1979). As a result, one so aggrieved has a right of action pursuant to a quasi contract, of contract implied by law, based primarily upon the theory that the defendant has received a benefit or has been unjustly enriched, and accordingly should be required to compensate the plaintiff. 11 Fla. Jur. 2d Contracts § 236, at 538 (1979). Among other things, the plaintiffs right ’to recover rests both on money paid by mistake of fact and by mistake of law. 11 Fla. Jur. 2d Contracts § 242 (1979).
Id. at 1120-21.
The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, *398 who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.
Hillman Const. Corp. v. Wainer, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citing Henry M. Butler, Inc. v. Trizec Props., Inc., 524 So.2d 710 (Fla. 2d DCA 1988)); see also Rite-Way Painting & Plastering, Inc. v. Tetor, 582 So.2d 15, 17 (Fla. 2d DCA 1991) (noting that elements of an action for contracts implied in law are “a benefit conferred upon a defendant by the plaintiff, the defendant’s appreciation of the benefit, and the defendant’s acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof’).
Colletti clearly pled a cause of action for restitution as a claim of a contract implied by law. Its complaint alleged a payment conferred on Chase, Chase’s acceptance and retention of Colletti’s payment, and circumstances indicating inequity by Chase retaining the payment without Colletti receiving the value of the assignment of the mortgage.
Further, we find that the stipulated facts and evidence supported a finding in Colletti’s favor on the claim. First, Collet-ti’s employee testified and Chase stipulated to the fact that Colletti paid funds to Chase equal to the payoff amount of the mortgage, which established a benefit conferred on Chase. Chase had knowledge thereof, as a release of the mortgage was subsequently executed in acknowledgement of receipt of the payment. Second, despite this acceptance of the benefit, Chase stipulated that “[njeither Wells Fargo[, the servicer,] nor Chase assigned the note and ... [m]ortgage or its position in the foreclosure suit to Colletti. Wells Fargo did not return the funds to Collet-ti.” The evidence suggested that, despite repeated communication by Colletti indicating that it wished to initiate the transaction for both an assignment of the mortgage and standing in the lawsuit, Chase only released the mortgage. As pointed out by Colletti, shortly before the assignment agreement, Colletti rejected an offer to satisfy the mortgage for $158,000, which was less than it eventually paid for the assignment. Colletti also presented evidence that it could not sell the property for some time, as four agents declined to list the property given its encumbered title, and the value of the property declined before Colletti discovered that Chase was not going to provide it with an assignment of the mortgage. Accordingly, under these circumstances, it would be inequitable for Chase to retain the benefit without paying the value thereof to Colletti.
Consistent with the cumulative effect of the evidence, the trial court did not abuse its discretion in determining that Colletti was entitled to judgment on a theory of restitution.
However, we agree with Chase’s second argument that consequential damages, or “special damages,” were erroneously awarded, as they were not pled. “Special damages are those that do not necessarily result from the wrong or breach of contract complained of, or which the law does not imply as a result of that injury, even though they might naturally and proximately result from the injury.” Land Title of Cent. Fla., LLC v. Jimenez, 946 So.2d 90, 93 (Fla. 5th DCA 2006) (emphasis in original). In Jimenez, the Fifth District explained the nature of special damages and that they must be specifically pled:
[S]pecial damages are damages that do not follow by implication of law merely upon proof of the breach. See DeMello *399 v. Buckman, 916 So.2d 882 (Fla. 4th DCA 2005). General damages, on the other hand, are damages that the law presumes actually and necessarily result from the alleged wrong or breach. See Augustine v. S. Bell Tel. & Tel. Co., 91 So.2d 320, 323 (Fla.1956).
The purpose of the special damages rule is to prevent surprise at trial. See Fla. R. Civ. P. 1.120(g); Bialkowicz [v. Pan Am. Condo. No. 3, Inc., 215 So.2d 767, 770 (Fla. 3d DCA 1968) ]. Special damages must, therefore, be particularly specified in a complaint in order to apprise the opposing party of the nature of the special damages claimed. If special damages are not specifically pled, then evidence of them is inadmissible. See Precision Tune Auto Care, Inc. v. Radcliffe, 804 So.2d 1287 (Fla. 4th DCA 2002).
Id. (emphasis added); see also Fla. R. Civ. P. 1.120(g) (“When items of special damage are claimed, they shall be specifically stated.”).
The appellate court further emphasized the importance of specifically pleading special damages: “[T]he mere knowledge by the defense of the claimed damages [is not] sufficient to excuse the pleading requirement. Lack of surprise will not authorize the admission of evidence of special damages that have not been specifically pleaded.” Jimenez, 946 So.2d at 93. The Fifth District ultimately concluded that the trial court erred in awarding special damages where the opposing party was not “apprised of the damage claim in the pleadings.” Id. at 94.
Here, Colletti pled special damages in its second amended complaint only in its count for slander of title. Chase prevailed on that claim, and the remainder of the counts sought simple damages. The trial court found that “CHASE has been on notice of COLLETTI’s claim for the consequential damages since COLLETTI’s Interrogatory Answers served in November of 2009.” Chase does not contest the conclusion that it was on notice, but rather, it points to Jimenez’s holding that knowledge cannot overcome a failure to plead special damages. In accordance with Jimenez, therefore, Colletti was not entitled to recover special damages because they were not adequately pled.
As such, we reverse that portion of the order pertaining to consequential damages. In light of our holdings, we decline to address the remaining issues raised by Chase, as they are either moot or without merit.

Affirmed in part, reversed in part, and remanded.

GERBER and CONNER, JJ., concur.

. Colletti sought an assignment of the mortgage and Chase’s position in the mortgage foreclosure lawsuit, as opposed to a simple release of the mortgage, to facilitate disposal of the junior liens associated with the subject property.