# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-953
Lower Tribunal No. 21-3280
_____

**Martha Suarez Izquierdo,**
Appellant,

vs.

**Presidente Supermarket No. 27, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Carlos Santisteban, P.A., and Carlos Santisteban Jr.; Burlington & Rockenbach, P.A., and Bard D. Rockenbach (West Palm Beach), for appellant.

Law Offices of Charles M-P George and Charles M-P "Chip" George; Wadsworth, Margrey & Dixon, LLP and Christopher W. Wadsworth and Jaime Clark Dixon, for appellee Presidente Supermarket No. 27, Inc.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) ("Where . . . the nonmoving party bears the burden of proof on a dispositive issue at trial, the moving party need only demonstrate 'that there is an absence of evidence to support the nonmoving party's case.'" (footnote omitted) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986))); Moles v. Gotti, 433 So. 2d 1380, 1381 (Fla. 2d DCA 1983) ("The primary test for determining the existence of an employer-employee relationship is whether the person being served exercises control over the person performing the service with respect to the manner in which the work is performed rather than merely the result to be obtained."); Vasquez v. United Enters. of Sw. Fla., Inc., 811 So. 2d 759, 760 (Fla. 3d DCA 2002) ("It is a fundamental rule that the respondeat superior doctrine applies only when the alleged master has the ability and authority to direct and control the pertinent acts of the employee."); Postal Tel. & Cable Co. v. Doyle, 167 So. 358, 360 (Fla. 1936) ("It is competent for a principal to loan or farm out his servant to a third party, and if such third party has complete dominion over the servant, and directs his conduct at all times, he will be held responsible for his derelictions even though the principal is paying his salary; but this rule does not hold good if the principal in any way withholds control over him.").

2