# Third District Court of Appeal

## State of Florida

Opinion filed May 14, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2133
Lower Tribunal No. 17-24019
_____


**Sandra Shaw, et al.,**
Appellants,

vs.

**Ana Calles, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Sutton Pomares Law Group P.A. and John R. Sutton, for appellants.

Feiler, Leach & Chong and Martin E. Leach, for appellees.


Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

In this nuisance case, appellants, Rowland J. Shaw and Sandra Shaw, challenge a final judgment granting a judgment notwithstanding the verdict setting aside monetary damages the jury awarded against appellees, Ana Calles and Robert Montenegro. On appeal, the Shaws contend the award withstands factual and legal scrutiny and therefore must be reinstated.

**BACKGROUND**

The Shaws have resided in Bonanza Ranch Estates in Homestead, Florida, on a 1.25-acre parcel since 2008. In 2014, Calles and Montenegro moved into a home on an adjacent property. The latter couple owns more than one hundred exotic birds, including macaws and other parrots. The birds generated feces accumulations, odor, debris, noise, and a rodent infestation.

In 2017, the Shaws filed suit against Calles and Montenegro in the circuit court, asserting negligence and nuisance claims. They sought injunctive relief and damages for diminution in property value and loss of quiet enjoyment. Calles and Montenegro raised the Florida Right to Farm Act as an affirmative defense, and the case proceeded to trial. See § 823.14, Fla. Stat. (2017).

At the trial, the Shaws presented audio-visual recordings, decibel meter readings, and testimony detailing sleep-related disruptions and their

2

inability to use their backyard and nearby stream due to the odor, debris, noise, and dead rodents.[1]

The jury returned a verdict in favor of the Shaws, finding a nuisance and awarding $76,500.00 in damages. The trial court found that the Shaws had neither pleaded nor proven compensable damages and entered a judgment notwithstanding the verdict, but separately issued an order granting injunctive relief requiring Calles and Montenegro to relocate the loudest birds, move cages away from the shared property line, and cover the cages from dusk until dawn. This appeal ensued. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

## STANDARD OF REVIEW

"The standard of review on appeal of the trial court's ruling on a motion . . . for judgment notwithstanding the verdict is de novo." Miami-Dade County v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011). Conversely, "[w]e review the jury's award of damages to see if it is supported by substantial competent evidence viewing the facts and all reasonable inferences in the

---

[1] In closing argument, the Shaws' attorney asked the jury to award between one dollar and one hundred dollars per day for the years preceding suit. The jury awarded $76,500.00 in damages, equaling less than $25.00 per day over a nine-year period.

3

light most favorable to the verdict." Alvarez v. All Star Boxing, Inc., 258 So. 3d 508, 512 (Fla. 3d DCA 2018).

## ANALYSIS

There is no dispute that Calles and Montenegro created and maintained a nuisance; the only dispute involves damages. Under Florida law, a plaintiff in a nuisance case may seek injunctive relief to abate the nuisance and damages for injuries sustained as a result of the nuisance. See, e.g., Roebuck v. Sills, 306 So. 3d 374, 379 (Fla. 1st DCA 2020) ("Depending on the facts shown at trial, either or both injunctive relief and damages [are] available to abate [a] nuisance and mitigate [its] harmful effects . . . ."). Damages include economic losses incurred to mitigate the nuisance and lost rental value, business income, or diminution in property value. See 38 Fla. Jur. 2d Nuisances § 86 ("Where the nuisance is a temporary one continuing to the date of trial, the proper measure of damages is the loss of use value or loss of rental value, depending on whether the plaintiff occupied the property personally or whether it was rented to another."). "In addition, the plaintiff may recover such special or incidental damages as can be shown, such as personal discomfort, inconvenience, annoyance, injury to health, and the like suffered not only by the plaintiff but also by members of his or her family." Id.; see also Exxon Corp., U.S.A. v.

4

Dunn, 474 So. 2d 1269, 1274 (Fla. 1st DCA 1985) ("[I]n an action for damages arising from a nuisance, a plaintiff may recover not only for physical injuries but also for annoyance, discomfort, and inconvenience."); Nitram Chemicals, Inc. v. Parker, 200 So. 2d 220, 225 (Fla. 2d DCA 1967) ("In addition to the damages resulting from the depreciation, rental or use value of the property, the plaintiff may recover such special or incidental damages as he may be able to prove, i.e., annoyances, discomfort, inconveniences, or sickness."); QBE Specialty Ins. Co. v. Scrap, Inc., No. 3:16CV212-MCR/EMT, 2018 WL 7198151, at *6 (N.D. Fla. Mar. 2, 2018) (noting that "annoyance, discomfort and/or inconvenience" are "possible grounds for nuisance damages") (citing Exxon Corp., 474 So. 2d at 1273)).

Noneconomic nuisance damages must "be specially stated" in the operative pleading. A. & P. Food Stores, Inc. v. Kornstein, 121 So. 2d 701, 705 (Fla. 3d DCA 1960) (on rehearing); see also Fla. R. Civ. P. 1.120(g) ("When items of special damage are claimed, they shall be specifically stated."). This is because special damages must be "particularly specified in a complaint in order to apprise the opposing party of the nature" of the damages claimed. Land Title of Cent. Fla., LLC v. Jimenez, 946 So. 2d 90, 93 (Fla. 5th DCA 2006); see also id. ("The purpose of the special damages rule is to prevent surprise at trial.").

5

Here, the Shaws requested damages for loss of quiet enjoyment in their complaint, and they introduced evidence at trial to support their impairment of use of the property, along with their diminished quality of life. Accordingly, we conclude they sufficiently pled and proved nuisance damages. See Exxon Corp., 474 So. 2d at 1273–74 ("The 'injury' arising from a nuisance is annoyance, discomfort, inconvenience, or sickness. The judge did not here award damages for mental suffering as such, nor specifically for physical illness alone, but for those damages generally caused by a nuisance.") (citing Nitram Chemicals, 200 So. 2d at 225); Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd., No. 916029CIVUNGAROBENAG, 1994 WL 808074, at *7 (S.D. Fla. June 8, 1994) ("[T]he jury may award damages based on its determination of what would compensate a reasonable person enduring exposure to the circumstances constituting the nuisance."). We therefore reverse and remand for reinstatement of the verdict.

Reversed and remanded.